Pritchard *v.* Todd.

## GEORGE N. PRITCHARD *vs.* JAMES TODD, ADMINISTRATOR.

*A* agreed by parol with *B* for the purchase of a piece of land for $300, payable in annual instalments of $100 each, with interest; but no time was fixed for the payments. *A* immediately took possession of the land, and made improvements thereon, and in less than a year thereafter paid *B* $100 on account of the purchase. *B* died insolvent during the second year after the agreement was made, and soon after the close of that year *A* tendered to his administrator the balance of the purchase money, with interest; and also presented to the commissioners on his estate a claim for the $100 paid, which was allowed in part. On an appeal from a decree of the court of probate directing a specific performance of the contract by *B's* administrator, it was held that time was not of the essence of the contract, either expressly or by implication; and that *A* had not forfeited his right to a specific performance by delay in the payment of the purchase money, or waived it by presenting his claim against the estate.

APPEAL from a decree of the court of probate for the district of Waterbury, directing the appellant, as administrator of Edwin Todd, deceased, to convey to the appellee certain land belonging to the estate of the intestate; taken to the Superior Court in New Haven county, which referred the case to a committee, who found the following facts:

In the winter of 1867, the appellee made a parol agreement with Edwin Todd, for the purchase of the piece of land described in the petition. The appellee immediately went into possession of the same, cut down trees, repaired the fences, grafted the apple trees thereon, and has remained in the possession thereof to this time, conducting as and claiming to be the owner. By the terms of this parol agreement, the appellee was to pay three hundred dollars for the land, in annual instalments of one hundred dollars each, and interest. On the 9th of May, 1867, the appellee paid to Edwin Todd one hundred dollars, and took from him the following receipt and memorandum, which were in the handwriting of, and signed by, Edwin Todd.

Waterbury, May 9th, 1867.

Received one hundred dollars of Geo. N. Pritchard, towards a piece of land known as the Joseph Bronson place.

EDWIN TODD.

The price of the piece of land being three hundred dollars.

EDWIN TODD.

The appellee has never made any other payment. Edwin Todd died October 30th, 1868. Administration on his estate was granted to the appellant on the 7th of November, 1868. About the 15th of June, 1869, the appellee tendered to the appellant $227, being the amount then due for the land with interest, and demanded a deed. The appellant declined to accept the money, and refused to give a deed. The estate of Edwin Todd was represented insolvent, and is in fact insolvent. The appellant is a creditor of the estate. The appellee presented a claim to the commissioners on the estate for one hundred dollars, and which was the identical hundred dollars for which the foregoing receipt was given. The claim was allowed to the amount of $55.05. The report of the commissioners, allowing the claim, has been returned to and accepted by the probate court, and no appeal has been taken from their doings.

The Superior Court (*Sanford, J.*) accepted the report of the committee, and reversed the decree of the court of probate. The appellee brought the record before this court by motion in error.

*Gillette*, for the plaintiff in error.

*Kellogg* and *Terry*, for the defendant in error.

CARPENTER, J. The Superior Court in rendering judgment upon the facts found in this case, reversing the order and decree of the court of probate, must have ruled, as matter of law, either that the appellee had forfeited his right to relief for the reason that he had not paid the purchase money within the time stipulated, or that he had waived his right to a specific performance by presenting a claim against the estate of the deceased for the money actually paid under the contract. If on either ground there is a fatal objection to the decree passed by the court of probate, the judgment of the Superior Court is right, and must stand; otherwise it must be reversed.

1. Time is not necessarily of the essence of such contracts. The parties may make it so, or it may be implied from the

Pritchard *v.* Todd.

nature and subject matter of the contract. It is apparent that time is not of the essence of this contract, either by the express provisions thereof or by implication. It was a parol contract, and is indefinite in respect to time. One hundred dollars were to be paid annually, and the interest. Whether the first payment was to be made at the time the contract was made in the winter of 1867, or at the end of the year, does not appear. The appellee took possession immediately, but paid the first installment on the 9th day of May, 1867. The receipt given for that had appended to it a statement of the price of the land, but no reference was made to the time of payment. There is nothing in the nature or subject matter of the contract to indicate that time was regarded as material by either party; and we cannot see that the appellant's intestate or the estate suffered, or will suffer, any injury by the delay that will not be fully compensated by the interest. Putting a construction upon the contract most favorable to the appellant in regard to the time of payment, and the tender will appear to have been made not long after the last payment became due. When the money was tendered, June 15th, 1869, there seems to have been no objection made on account of time. The appellee had been in possession of the property from the time of the purchase, and had made considerable improvements thereon. We think that the delay ought not to deprive him of the right to have the contract specifically performed. *Green* v. *Finin,* 35 Conn., 178 ; *Catlin* v. *Decker, ante,* 262.

2. We are also satisfied that the appellee has not waived or forfeited his right to a specific performance by presenting a claim to the commissioners. He manifestly had a claim of some description upon the estate. He was entitled to have a deed of the land upon payment of the balance of the purchase money, or to have the sum paid refunded to him. He evidently preferred a deed, but could not know with certainty in advance that he would obtain one. Failing to do so, his only redress would have been the presentation of a claim. Had he delayed that until his right to a specific performance had been judicially determined, it might have been too late.

If then the decision had been adverse, he would have been without remedy. Under these circumstances we think he was justified in pursuing both remedies. He is entitled however to only one satisfaction. If he obtains his deed, that is a bar to his claim against the estate, and the court of probate, in the final disposition of the estate, can decree accordingly.

The judgment of the Superior Court is erroneous, and must be reversed.

In this opinion the other judges concurred.