J. H. HAWES, Appellee, v. HARRY T. SWANZEY AND LIZZIE
C. SWANZEY, Appellants, AND COMMERCIAL NATIONAL
BANK OF COUNCIL BLUFFS, Appellee.

Specific Performance: AGREEMENT TO FURNISH ABSTRACT:    EVIDENCE.
1    In a suit for specific performance of a contract  to  purchase
land where the contention of the vendee was that the vendor
failed to furnish an abstract showing good title as agreed, the
evidence is considered and held that the vendee by his conduct
consented to a reasonable time after the date fixed in the con-
tract to perfect the title.

Specific Performance: RESCISSION.   Where a written notice of rescis-
2    sion of a contract to purchase land is given, based solely on the
vendor's failure to furnish an abstract showing good title, the
.vendee cannot afterwards claim as a ground for rescission that
he was induced to enter into the contract by false representa-
tions.

Act of Vendor's Agent.   The unauthorized act of the vendor's agent
3    in renting the land sold is not a defense to a suit by the vendee
for specific performance.

*Appeal from Monona District Court.*—HON.  GEORGE  W.
WAKEFIELD, Judge. .

THURSDAY, FEBRUARY 11, 1904.

ACTION in equity for specific performance of contract to
purchase real estate.   Decree for plaintiff, and the defend-
ants Swanzey appeal.—*Affirmed.*

*P. A. Sawyer* for appellants.

*McMillan & Kendall* for appellee J. H. Hawes.

*Joseph R. Reed* for appellee Commercial National Bank.

WEAVER, J.—The defendants Swanzey admit entering
into a contract to purchase the land, and that they made a
payment of $500 thereon, and deposited other moneys in

the defendant bank to be paid plaintiff when the conveyance was delivered according to contract. They allege by way of defense: (1) That plaintiff agreed to furnish them an abstract showing perfect title to the land, and make due conveyance thereof on or before July 1, 1902, but failed so to do, the abstract furnished showing the title to be in fact seriously defective; and that, after waiting until September 25, 1902, for plaintiff to perfect said title, they rescinded the contract by notice in writing, and demanded a return of the advance payment. (2) By way of counterclaim defendants restate the matters of their answer, and ask judgment against plaintiff for the sum of $500, money received by him on account of said attempted purchase. After the case had been pending several months, defendants filed an amendment to their answer, alleging they had been induced to enter into the contract by the false representations of the plaintiff's agent in respect to the liability of the land to overflow from the adjacent river.

I. It is conceded that there was an apparent defect in plaintiff's title, and that the same was not cured until a conveyance by quitclaim was obtained from one Cooley, a citizen of New York, on September 20, 1902. When the defect was discovered, defendants did not at once refuse to be longer bound by their contract, nor demand a return of the advance payment; and by their failure to do so, and by frequent inquiries of plaintiff or his agent as to the progress made in their efforts to perfect the title, they must we think, be held to have consented to a reasonable delay to enable plaintiff to accomplish that end. After various unavailing efforts to obtain the necessary conveyance, plaintiff sent his agent to New York, and, as above stated, succeeded in procuring Cooley to execute the instrument. Toward the latter part of this period defendants became somewhat impatient, and said to the agent they did not intend to take land unless they were obliged to, or would not take it unless the deed from Cooley was procured; but no direct effort was made to accomplish a rescission of

1. AGREEMENT to furnish abstract: evidence.

the contract until the morning of the day after the agent returned from New York with the deed ready to consummate the deal, when the written notice above referred to was served. In our judgment, after having thus acquiesced in the delay until the title was in fact perfected according to their demand, and until plaintiff was fully prepared to comply with the contract on his part, equity will not allow defendants to assign that delay as a reason for absolving them from due performance on their part. See *Welch v. Whelpley,* 62 Mich. 15 (28 N. W. Rep. 744, 4 Am. St. Rep. 810); *Brown v. Guarantee, etc.,* 128 U. S. 403 (9 Sup. Ct. Rep. 127, 32 L. Ed. 468); *Murphy v. Lockwood,* 21 Ill. 611; *Renwick v. Bancroft,* 59 Iowa, 116; *Reed v. Jones,* 8 Wis. 392; *Pritchard v. Todd,* 38 Conn. 413; *Quinn v. Roath,* 37 Conn. 16; *Hubbell v. Von Schoening,* 49 N. Y. 326; *Rader v. Neal,* 13 W. Va. 373; *Butler v. Archer,* 76 Iowa, 551. For a case somewhat similar in its facts to the case at bar, see *King v. Gsantner,* 23 Neb. 795 (37 N. W. Rep. 654). Had the defendants, on the 1st day of July, 1902, when the conveyance of a good title was due, demanded the same, and, upon plaintiff's failure to comply, had refused to be longer bound by their contract, and demanded a return of the advance payment, their position in defense of this suit would have been materially strengthened; but, having failed to do so, it is not necessary for us to consider what would have been the precise measure of their rights under those circumstances. The doctrine approved in *Luse v. Deitz,* 46 Iowa, 205, cited in behalf of appellants, is not applicable to the issue here presented. In that case Luse neither had nor claimed title to the land he agreed to convey. And it was held he could not compel Deitz to specifically perform the contract, because the latter had no reciprocal right to the same remedy against him. In this case, however, plaintiff did have title, though defective, and on discovering the defect he had, at least in the absence of a stipulation making time of the essence of the agreement, and in the absence of a distinct refusal by the defendants to proceed further, a reasonable time in which to cure

the defect and tender such a title as he had agreed to convey. See 22 Am. & Eng. Ency. Law (1st Ed.) pages 960, 961, and cases there cited. When, therefore, on September 20, 1902, the defect had been cured, plaintiff was in no position to recede from the contract, and an action against him for specific performance at the suit of the defendants would certainly have been upheld. It cannot, therefore, be said that the equitable remedy was not mutual. The finding of the district court that plaintiff procured and tendered to defendants a good title within a reasonable time is fully sustained by the record.

II. The defense based on the alleged misrepresentations by plaintiff's agent cannot prevail. In the first place, were the issues such as to permit its consideration, the evidence in

2. SPECIFIC performance: rescission. support of the allegation is weak, indefinite, and unsatisfactory. We think, however, the defense must fail for another reason. In their written notice served upon plaintiff before this suit was brought defendants base their supposed right of rescission upon the failure of plaintiff to furnish a good title, and upon nothing else, and we think it is not competent for them on the trial to show any other or different reason for that action on their part than the one assigned by them in the writing by which the rescission was sought to be affected. *Donly v. Porter,* 119 Iowa, 545. Indeed, Mr. Swanzey, as a witness, admits that he learned that the land was liable to overflow two months before he served the notice of rescission, and that up to the date of such service he remained willing to accept a conveyance from plaintiff according to their contract. He further admits that after he knew of the overflow of the land he continued to call upon plaintiff to make him a good title. The idea that any defense could be offered on the ground of false representations is quite clearly an afterthought.

III. It is finally said that plaintiff, through his agent, has continued to treat the land as his own, and rented it for

3. ACT of vendors agent. the year 1903. It appears that the agent of plaintiff, seeing the land was likely to lie idle

for the season by reason of the dispute between plaintiff and defendants, did assume to rent it; but it was also shown he acted not only without the authority of the plaintiff, but against his express directions.

The conclusion reached by the trial court appears to be just and equitable, and the decree appealed from is AFFIRMED.