C. E. BALES, Appellant, v. W. H. WILLIAMSON ET AL., Appellees.

**Sale of land:** WAIVER OF RIGHT TO RESCIND. The right of a vendee in a contract for the sale of land to rescind the same because of the vendor's inability to furnish an abstract showing perfect title at the time of performance, is waived by notice to the vendor that he is willing to perform as soon as the abstract can be procured and the vendor proceeds with diligence to comply with the requirement.

**Quieting title:** SUFFICIENCY OF DECREE. Where a purchaser of land under contract has signified a willingness to perform when the title has been perfected by an action to quiet title, he can

not thereafter object to a decree quieting title as failing to show that the court acquired jurisdiction of defendants because the same did not contain a finding with respect to their residence, where the statutory requirements authorizing service by publication were complied with.

**Same.** One who has contracted to purchase land and signified a willingness to perform the contract when a decree quieting title has been obtained can not after the entry of such decree refuse to perform, basing his objection on the fact that defendants served by publication may have the decree set aside at any time within two years.

*Appeal from Adair District Court.*— Hon. Edmund Nichols, Judge.

Saturday, April 8, 1905.

Action in equity to rescind a contract for the purchase of certain real estate, and to recover back moneys paid on account of such contract. From a decree in favor of defendants, plaintiff appeals.— *Affirmed.*

*Frank B. Wilson,* for appellant.

*Chapman & Musmaker,* for appellees.

Bishop, J.— In July, 1902, the defendants, W. H. Williamson and W. C. McCrea, claiming to be the owners of the real estate in question — being a tract of 239 acres in Adair county — contracted in writing for a sale thereof to plaintiff. The provisions of the contract material to the present controversy are, in substance, that plaintiff should pay to defendants the sum of $14,170, as follows: $250 at the time of contract; $500 August 15, 1902; and $13,420 March 1, 1903, " when warranty deed is delivered and possession is given of the above premises. Payable at the First National Bank, Greenfield, Iowa, with interest from maturity. at eight per cent. per annum." Further, that, upon payment of such sums of money at the times mentioned, defend-

ants " will on receiving said money and interest execute and
deliver a warranty deed of said premises as above agreed,
and abstract of title showing good and sufficient title of
record on March 1, 1903." It is provided in terms that time
shall be considered as of the essence of the contract, and that
a failure on the part of plaintiff to pay as agreed shall result
in a forfeiture of all payments made, and of all his rights
and interests in the property. It is conceded that the first
two payments were made by plaintiff at the times specified
in the contract; also that plaintiff has paid on defendants'
account the sum of $75 to the agent through whom the con-
tract of sale was negotiated. In November, 1902, defend-
ants furnished to plaintiff an abstract of title, and this the
latter submitted to an attorney, who returned the same with a
title opinion pointing out various defects and discrepancies
in the title. The opinion and abstract were then forwarded
by plaintiff to defendants, and the latter attempted compli-
ance with the requirements of such opinion. Some time in
February, 1903, the abstract, in a corrected form, was again
sent to plaintiff. On February 28, 1903, defendants exe-
cuted a warranty deed of the lands to plaintiff, and deposited
the same for him in the First National Bank of Greenfield.
March 3, 1903, defendant Williamson and plaintiff met at
the place of business of the latter, and defendant then de-
manded payment as provided for in the contract. Plaintiff
insisted that the abstract did not as yet show perfect title,
and declined to comply with the demand for payment.
Thereupon defendant served upon plaintiff a notice in writing
of intention on the part of defendants to declare a forfeiture
and cancellation of the contract as of date April 3, 1903.
Thereafter, and on the same day, the parties agreed that the
lands should be rented by defendants, and the rents collected
should be held to await a determination of the contract con-
troversy. A day or so later, plaintiff gave the abstract to
another attorney for a title opinion, and on March 16, 1903,
such attorney rendered an opinion in which the title was

criticised in several particulars, and the recommendation was made that the defects be gotten rid of by an action to quiet title. The title opinion closes by saying: " They cannot insist on you paying over the money until they perfect their abstract as the contract requires. I will notify the parties [the defendants] today that you are ready and willing to pay over the money and comply with the contract in all its particulars as soon as they can furnish you an abstract of title as required by the terms of the contract." It is conceded that a copy of such opinion was given to defendants. Upon receiving the same, the defendants apparently abandoned their intention of insisting upon a forfeiture, and, with the knowledge of the attorney last acting for plaintiff, proceeded to bring an action to quiet title. This resulted in a decree as of date September 2, 1903, in form quieting title as against all persons appearing to have any interest in the lands. In the meantime, however, and on July 27, 1903, the instant action was commenced by plaintiff, and was brought to trial at the November, 1903, term of the district court. The defendants answered, and, under affirmative pleading, insisted upon the trial that they were entitled to have the contract performed by plaintiff, or, in default, that the payments made by him should be held forfeited, and he should be decreed to have no further interest in the lands. The decree entered by the court denied rescission to plaintiff, and, in substance, gave to defendants the relief demanded by them; that is to say, it was provided by the decree that from the unpaid amount of the contract price, with interest, and including taxes paid, there should be deducted the sum of $75 paid by plaintiff to the agent of defendants, and the amount of the rents and profits of the real estate collected by defendants, and that plaintiff should have thirty days from the date of the decree in which to pay the balance then remaining; failing to do so, the contract, and all rights of plaintiff thereunder, including the payments made, should be held to be forfeited to defendants.

For the appellant, it is contended that the decree should not be allowed to stand, for the primary reason that it appears without dispute that the title to the real estate, as disclosed by the abstract, was not perfect on March 1, 1903, and that thereupon his right to rescind accrued. Manifestly there is no merit in this contention. Both parties by their conduct waived the provision of the contract fixing March 1, 1903, as the time for performance. And from this it follows that what occurred thereafter must be taken into account in determining the rights of each. Now, clearly enough, plaintiff after said date assumed the attitude of insisting upon the contract, and, through his attorney, held himself out as desirous of carrying the same to completion. And as we think, no other construction can be put upon the letter written by his attorney, and a copy of which, with his knowledge, was delivered to the defendants, than that, upon the entry of a decree quieting title, he would be satisfied to accept the deed and make payment. As the defendants proceeded with due diligence to a compliance, it did not thereafter remain for plaintiff to change front, and for the first time make demand for rescission, basing the same solely upon the conditions existing on the date when the contract, by its terms, was to have been performed. This conclusion has support in the following authorities: *Kraner v. Chambers,* 92 Iowa, 681; *Hawes v. Swanzey,* 123 Iowa, 51; 24 Am. & Eng. Enc. (2d Ed.) 647. See, also, *Stevenson v. Polk,* 71 Iowa, 278; *Lessenich v. Sellers,* 119 Iowa, 314.

1. SALE OF LAND: waiver of right to rescind.

A further contention, as made by appellant, presents more of difficulty. Conceding now, as he does for the purpose of argument, that he became bound as of an agreement to accept conveyance of the lands upon title being quieted in an action brought for that purpose, yet appellant insists that the decree here appealed from was unwarranted, and for two reasons: First, the decree in the action *quia timet* was irregular, in-

2. QUIETING TITLE: sufficiency of decree.

sufficient, and, as to some of the defendants named, void for
want of jurisdiction; second, in said action service of notice
was had by publication, and the defendants so served may,
under the statute, and at any time within two years, procure
the decree entered to be set aside, and thereupon assert and
have decreed to them any and all rights they may have in the
property. The proceedings in the action *quia timet* are set
out in the instant record *in extenso*. The question made in
respect thereof is predicated solely upon the fact that the
decree, while finding, in terms, that due service of the origi-
nal notice had been had, fails to find in connection therewith
the fact of nonresidence on the part of the defendants. Look-
ing into the record in that case, we find that the action was
brought against certain defendants named, and their un-
known grantees, assignees, heirs, and devisees. An affidavit
for publication of notice in form and substance as required
by law was made and duly filed, and included therein is the
statement that the defendants named are nonresidents of
the State. It is our conclusion that the contention of appel-
lant as thus made cannot be sustained. The statute author-
izes service of notice by publication in such cases, it being
made to appear by affidavit filed that the defendant is a
nonresident of the State. Code, section 3534; *Carnes v.
Mitchell,* 82 Iowa, 601; *Knudson v. Litchfield,* 87 Iowa, 111.

The requirements of the statute having been met, the
court may assume jurisdiction to proceed to a decree, and
such decree will be final unless set aside on proper showing
made by a defendant within the period prescribed by law.
We do not understand that the court must exact proof of
nonresidence before it can proceed to a hearing. The affi-
davit and the published notice, being made a part of the
record in the case, are all that is essential to authorize it to
hear and determine. Nor do we see how the efficiency of a
decree as in the instant case can be successfully attacked
simply because therein the character of the service, and the
facts incident to or involved therein, are not recited. If, in

point of fact, the defendants named in the case under consideration were nonresidents of the State, as affirmed in the affidavit, the decree was binding upon them, because they were properly served with notice, as shown by the record. On the other hand, if they were in fact residents of the State, and hence the statement in the affidavit was false, then the court had no jurisdiction of their persons, as such could not be acquired by publication of notice; and, such being the case, it may be conceded that the decree was not binding upon them, nor would it be had the decree expressed a finding as to the nonresidence of the defendants. Coming, however, to a practical, and, as we conceive a proper disposition of the question as affecting the instant case we think it must be said that the requirement of plaintiff for a decree quieting title contemplated no more than that the same should be procured in good faith and under form of law. This would mean that service of notice should be had — personal if possible, or by publication if such appeared to be necessary. It would be unreasonable in the extreme to permit plaintiff to withhold performance because of the chance or possibility that, in the course of time, discovery might be made that error had entered into the fact situation upon which the decree was procured to be entered. The courts do not insure their judgments and decrees as infallible, and, as between contracting parties, reasonable certainty of correctness is all that is required. A bare possibility that error may at some time creep to the surface cannot be accepted as an excuse for refusing performance, and this is especially true where covenants as to title are tendered by the party demanding performance. Were the rule otherwise, the instant plaintiff could as well resist performance on the ground that, as to parties shown to have been personally served, there was a chance or possibility that the serving officer had made a mistake in respect of the identity of the persons served.

So, too, we think there is no merit in the second point urged upon our attention by appellant. We may concede

that a defendant served by publication is entitled to have a default decree entered against him set aside within two years; proper application being made therefor. Code, section 3796. And it is undoubtedly true that, under some form of contract, performance should be held up until the expiration of the statutory period. At least, it is fair to say that such should obtain in all cases where it appears to have been within the intention of the parties, or where some controlling consideration of equity dictates that the interests of one or both of the parties require that such should be done. Here, however, the defect in the title complained of, if such there really was, was purely technical, and it appears that the defendants and their immediate grantors had been in good-faith possession under color of title and claim of right for a period of over twenty years. Conceding the possibility that they might be disturbed, it was remote in the extreme, and confessedly so. As we view the situation, the parties were not in any fear of being disturbed. What was desired was a perfect title as appearing on paper. When, therefore, plaintiff suggested, in effect, that he would be satisfied with a decree quieting title, we think he held himself out as willing to perform at once upon the entry of such a decree. Certainly the defendants had the right to so understand the situation, and it is not probable that, under the circumstances, they would have waived their asserted right to forfeit, and have proceeded with the action to quiet title, had it been suggested that two years must elapse after the decree before consummation of the contract could be had.

3. SAME.

The considerations above expressed lead to the conclusion that the decree in the instant case was right, and it is therefore *affirmed*.