[No. 7694.]

## NORCROSS V. CUNNINGHAM.

ESTOPPEL—*By Record*—Action for deceit in the sale and conveyance of certain lands, and a water right for the irrigation thereof. The complaint alleged misrepresentation as to the character and value of the water right. In a former action against the defendant plaintiff, at first, made the same charge of fraud, but afterwards, with full knowledge of the facts, abandoned such charge, and so amended his

complaint as to assert that the conveyance in question was effective, not only as to the water right therein described, but also conveyed, as an appurtenance to the land, another water right theretofore vested in defendant, and in the trial of such former cause, plaintiff had in open court, declared by his counsel that he made no claim that he had been defrauded in the transaction which culminated in such conveyance. *Held*, that he was estopped to renew the charge of fraud.

*Error to Larimer District Court.*—Hon. HARRY P. GAMBLE, Judge.

· Messrs. RHODES & FARNWORTH, for plaintiff in error.

Mr. FRED W. STOW and Mr. HOMER S. STEPHENS, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Upon motion judgment on the pleadings was granted in favor of the defendant. The plaintiff's complaint alleges in substance, that in May, 1906, he purchased from the defendant a farm situate under the Hillsborough canal, from which it requires water for its irrigation; that he paid $10,000 for the land and water to be conveyed therewith; that as a part of the consideration the defendant represented that there would be conveyed in the same warranty deed, and in connection with the land, 125 inches of water in this canal; that this water was and would be a water right to said land for the entire irrigation season of each year; that it was of the earliest water appropriated from the Big Thompson river, the stream from which the canal received its supply; that certain crops which could be raised and which made the farm especially desirable and very valuable, required late irrigation, and that the water rights which would be conveyed would furnish water during the late irrigation season to raise such crops; that relying upon defendant's representations with reference to the water to be conveyed and that was conveyed, he purchased said land and water, and in May, 1906, received from defendant a warranty deed, which deed conveyed the land and 125 inches of water in one instrument; that upon receipt of the deed he entered into possession, began, and has ever since continued, to cultivate the

farm; that after plaintiff took possession, defendant claimed that the water conveyed in connection with and for the irrigation of this land was simply a right to take water from this canal by reason of a contract entered into between the owner of the canal and other persons, which contract, through sundry conveyances, had been conveyed to defendant, and that the defendant had only conveyed by his deed to plaintiff what was known as this water .contract.

The plaintiff further alleges, that the canal company was under no obligations to furnish water under this contract, except when there was water in the canal derived from the Big Thompson river under an appropriation known as priority No. 25, being of a late date; that he has been unable, under and by reason of the water conveyed to him by said deed, to obtain any water from this canal for the irrigation of this land, except in the early portion of each irrigation season, up to about July 1st; that after the first of July said water right so conveyed furnishes no water for said lands; that this condition has prevailed ever since the purchase, and that it will so continue hereafter, except an intermittent amount during the early portion of the irrigation season; that by reason of these facts he cannot raise any crops upon the lands, except early crops; that the land without a water right furnishing water during the entire irrigation season, but only for the early portion, is of no value in excess of $5,000; that plaintiff has been injured, damaged and defrauded by the defendant through his false and fraudulent representations, etc., in the sum of $5,000, for which amount judgment is prayed.

In his answer the defendant, among other things, alleges, that subsequent to the sale and in March, 1909, with full knowledge of all facts, the plaintiff instituted a suit, etc., against the defendant by which he sought to have this deed for the land and the 125 inches of water decreed to convey as an appurtenance under the deed and to the land and as annexed to the land, a certain other 1.75 cubic feet of water which was a part of the canal's Big Thompson priority No. 1; that in

the same suit the plaintiff also sought to recover damages alleged to have resulted to him by reason of the alleged false and fraudulent representations made at the time of the sale, pertaining to the water rights, and upon account of his failure to procure the same; that, at the time of the commencement of the other suit, the plaintiff had full knowledge of all facts relative to his rights, etc.; that at the time there were two remedies open to him for the enforcement of his alleged claims arising out of the purchase of this land and water, which were, by claiming that he had received by this deed the 1.75 cubic feet of water above referred to, and having it so decreed by the court, or, that he had not received the water which he should have received by the deed, and recover damages against the defendant for failure to convey it; that these remedies are inconsistent, in that by the first, his claim is based upon the fact that he had received the water, while the latter is based upon the fact that he did not receive the water; that both of said remedies were adopted and sought to be enforced by the plaintiff in the former suit, and were so alleged in his complaint; that during the pendency of this suit the plaintiff elected to base his claim upon the fact that he had received said water by said deed; that his complaint was amended accordingly; that he thereafter abandoned his claim made therein, based upon the fact that he had not received the water, and made no claim for damages in the action upon account of such failure on the part of the defendant to convey the said water, as contained in his original complaint; that the suit now instituted is upon the same transaction and based upon the same claim as that portion of plaintiff's former suit, which related to damages; that the facts and circumstances as set forth in plaintiff's former suit in that portion which was by him abandoned by his election, as aforesaid, are the same as here; that by reason of said election he is now barred from claiming any damages or relief in this suit; that having claimed in the former suit that he had, by the deed, received the water, he is now estopped from claiming damages by rea-

son of the failure on the part of the defendant to convey the same.

As a further defense it is alleged that during the progress of the former trial, the plaintiff's counsel, with his consent, acquiescence and ratification, and in his presence, and in open court, stated that the plaintiff did not claim that any fraud had been committed upon him in the transaction, for which reason that he is estopped from claiming damages in this suit against the defendant upon account of any alleged false and fraudulent representation on the part of the defendant.

The plaintiff, by replication, sets forth, that in June, 1908, he brought suit against the ditch company and the defendant to compel them to recognize him (by virtue of the provisions of his deed from the defendant) as the owner of the 1.75 cubic feet of early water theretofore owned by the defendant, he states that this suit was decided against him. He admits that in March, 1909, he brought the suit against the defendant as alleged in the answer, in which he sought to have the deed conveying the land and 125 inches of water decreed to convey therewith as an appurtenance under the deed and to the land the 1.75 cubic feet of water, which was a part of the earlier priority. He also admits that this suit was decided against him, but denies that in either there was tried or determined the question of damages involved in this action.

It will be observed that the plaintiff has not denied, that in his second suit brought against the defendant he also sought to recover damages growing out of the same transaction, and that during its pendency he elected to proceed under that portion of his complaint by which, if he was successful, it would secure for him the water which he claimed he had purchased. The great weight of authority in which we concur is to the effect that the two remedies are inconsistent.—15 Cyc. 257; *Bales v. Williamson*, 128 Iowa 127; 7 Ency. of Pl. and Pr. 360; *Bracken v. Atlantic Trust Co.*, 167 N. Y. App. 510; *Sickman v. Abernathy*, 14 Colo. 174; *Wheeler v. Dunn*, 13 Colo. 428; *Bank of Santa Fe v. Board of Com'rs.*, 60 Pac.

(Kan.) 1062; *Jones v. Langhorne,* 19 Colo. 206; *Campbell v. Kauffmann Milling Co.,* 42 Fla. 328; *Carroll v. Fethers et al.,* 102 Wis. 436; *McWilliams v. Thomas et al.,* 74 S. W. (Tex.) 596; *Taussig et al. v. Hart,* 49 N. Y. App. 301; *Lowenstein & Bros. v. Glass et al.,* 48 La. Ann. 1422; *Ermeling v. Gibson Canning Co.,* 105 Ill. App. 196; *Salyers v. Smith,* 67 Ark. 526; *Ogden v. Moore,* 95 Mich. 290; *Remington Paper Co. v. Hudson,* 67 Pac. (Kan.) 636; *James v. Parsons, Rich & Co.,* 78 Pac. (Kan.) 438; *Elevator Co. v. U. P. Ry. Co.,* 97 Iowa 719; *Conrow et al. v. Little et al.,* 115 N. Y. App. 387.

In the former action the defendant (with knowledge of all the facts) having elected as to which of two inconsistent remedies he would pursue, we are of opinion that he is bound by such election. For this reason the motion for judgment upon the pleadings was properly sustained. See *Anthony v. Slayden et al.,* 27 Colo. 144, and cases therein cited.

The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.