[No. 10648. Department One. May 5, 1913.]

OLUF OPSJON, *Appellant*, v. EVARD ENGEBO *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—TIME FOR PERFORMANCE—WAIVER. A vendee cannot rescind a contract to purchase land for delay in conveying a good title within the time fixed in the essence clause, where, after the expiration of such time, he encouraged the vendor to prosecute a suit to remove a cloud upon the title, accepted the first installment of interest, and consented to further delay in order to secure the filing of a townsite plat, and later sought to terminate the contract without surrendering possession of the lot; since the time agreed upon was waived and there was no default until after demand made and a reasonable time had elapsed.

SAME—PERFORMANCE—DEED—DESCRIPTION—DEFINITENESS. A description in a deed tendered in compliance with a contract to convey is not indefinite where it conveys the identical property agreed upon and a mathematical calculation discloses that it is easily susceptible of identification.

SAME—PERFORMANCE—CONTRACTS—CONSTRUCTION. Rem. & Bal. Code, § 7831, requiring any person who shall lay off a townsite to record the plat before making conveyances does not apply to one who agrees to convey a lot in an unrecorded plat laid off by his predecessors.

[1]Reported in 131 Pac. 1146.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered March 13, 1912, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to recover real property. Affirmed.

*Severin Iverson*, for appellant.

*Parks & Day*, for respondents.

Gose, J.—On the 14th day of July, 1910, the plaintiff and the defendants entered into a written contract, whereby they agreed to an exchange of certain real property, the defendants paying ten dollars in cash and agreeing to pay $1,-490, with annual interest, on or before the 14th day of July, 1914, the agreed difference in value between the properties. The contract provides that the plaintiff will sell and convey to the defendants eighty acres of land, describing it, by warranty deed, giving abstract showing good title, on or before the 14th day of July, 1914, when the defendants have performed all the covenants and agreements on their part. The defendants agreed to convey to the plaintiff by warranty deed, "giving abstract showing good title," on or before the 30th day of January, 1911, "lot 2 in block 3 of the Townsite of Dishman, according to an *unrecorded* plat, said tract or parcel of land being situated in the north half of the northeast quarter of the northeast quarter of section 19 in Township 25, north, of range 44 E., W. M., in Spokane county, Washington, and said lot 2 in block 3 of said addition having a frontage of fifty feet on Sprague avenue between Wilton street and Raymond street and being 142 feet in depth as shown on the *unrecorded* plat of Dishman." They further agreed that, in case they could not convey a good title to the lot at the time specified, "then it is mutually agreed between the parties hereto that the said premises [meaning the lot] are of the value of $1,500," which sum the defendants agreed to pay to the plaintiff on or before the 14th day of July, 1914; that is, that upon the happening

of that event, $3,000 cash, with interest, was the consideration to be paid for the plaintiff's property. The contract further provides that "Time is of the essence of this contract." It was further agreed that the respective parties would exchange possession of their lands on the 20th day of July, 1910, and that they might improve the properties as they saw fit. The plaintiff took possession of the lot and the residence upon it on the 20th day of July, 1910, and remained in possession up to and including the 21st day of July, 1911. The defendants took possession of the eighty-acre tract, and were in possession at the time of the trial.

On the 18th day of February, 1911, the plaintiff served a written notice upon the defendants, advising them that they were in default in having failed to convey the lot, and that he would require them to pay $3,000 in cash according to the terms of the contract. On the 19th day of July, 1911, he notified them in writing that they were in default in having failed to convey the lot and having failed to pay interest as provided in the contract, and that he canceled and terminated the contract. He further stated in the notice that he surrendered "the possession" of the lot, and that he demanded possession of the property which he had agreed to convey to them. On the 21st day of July following, the defendants tendered the plaintiff a deed of conveyance for the lot, with covenants of warranty and an abstract of title. These he refused, and on the 22d day of August following, commenced this action for the recovery of the possession of the premises. The defendants answered, pleading the contract and the exchange of possession of the properties; that they had made valuable improvements upon the property which the plaintiff had agreed to convey to them, and that they had paid the interest due upon the contract; alleged a tender of the deed and abstract of title, and set up facts tending to establish a waiver of the essence clause of the contract. The plaintiff replied, denying the affirmative matter pleaded in the answer, and alleged a failure to con-

vey the lot at the time agreed upon, a failure to pay the interest, and the service of the notices as stated.

The court found, in substance, that, after the making of the contract and on the 20th day of July, 1910, in accordance with its provisions, the defendants entered into possession of the acreage property which the plaintiff agreed to convey to them; that they had ever since been, and were then, in the lawful possession thereof; that they had expended labor in clearing and breaking the land and improving the same in the sum of $1,000; that on the 20th day of July, 1910, in pursuance of the contract, the plaintiff entered into possession of the town lot, and remained in possession thereof up to and including the 21st day of July, 1911; that the defendants were unable to give good title to the lot on the 30th day of January, 1911, on account of an apparent cloud upon the title which required the institution of an action to quiet title against certain unknown heirs; that the defendants informed the plaintiff of that fact, and that he requested the defendants to perfect their title to the lot, and agreed that they should have a reasonable time in which to do so, and agreed to accept the lot upon the defendants having perfected their title within a reasonable time; that an action was commenced pursuant to plaintiff's request, prosecuted with reasonable diligence, and terminated in favor of the defendants and their grantors on the 1st day of June, 1911.

The court further found that in June, 1911, the defendants, being ready, able and willing to perform their part of the contract, offered to convey the lot to the plaintiff by a warranty deed, which offer the plaintiff then and there refused; that plaintiff requested the defendants not to take a deed from their grantors, for the reason that he desired to have the townsite plat recorded in the office of the county auditor of the county in which the property is situate; that the defendants, by reason of their contract with the owner of the townsite, were in a position to compel him to file the plat, and for that reason plaintiff requested the defendants

to use their best efforts to obtain the filing of the plat, and assured them that he would not take advantage of the delay; that by reason thereof the defendants were delayed in the performance of their contract; that they did use their best efforts to obtain the filing of the plat; that on the 17th day of July, 1911, the defendants paid to a duly authorized agent of the plaintiff the sum of $105, the first annual payment of interest due upon the contract, and that plaintiff accepted it; that the plaintiff never at any time rescinded the contract, "but at all times treated the same in full force and effect and acquiesced and consented to the delays of the defendants;" that the defendants have fully performed all the terms and conditions of the contract on their part, and on the 21st day of July, 1911, before the commencement of the action, the defendants, through their attorney, tendered to the plaintiff a warranty deed, together with the abstract of title for the lot, and that the defendants are entitled to a deed from the plaintiff for the acreage property upon paying to the plaintiff "on or before July 14, 1914, the sum of $1,490, with interest thereon at the rate of seven per cent per annum, payable annually from July 15, 1911." These findings were made effective by the decree. The plaintiff has appealed.

The findings are abundantly supported by the evidence. It shows that the respondents had a contract with Dishman, the owner of the townsite of Dishman, for the purchase of the lot which they agreed to convey to the appellant; that there were certain apparent clouds upon the title; that the appellant encouraged the prosecution of a suit to quiet title, and that he continued to encourage the prosecution of the suit after he had given the notice, on the 19th day of February, that he would not accept a conveyance of the lot. This suit terminated favorably about the 1st of June, 1911. The respondents, through their attorney, then offered to convey the property to appellant. Appellant said to the attorney: "I want you to help me to get Dish-

man to file the plat." The attorney told him that it would take three or four months to get the plat filed, because the old plat had been lost and the property was in crop, and the appellant consented to this arrangement. The evidence is also convincing that on July 17, 1911, the annual interest was paid. This was three days after its maturity. Two days later the appellant sought to terminate the contract by notice without surrendering possession of the lot. This he could not do. He had not only encouraged the prosecution of a suit to quiet title, but had said to the attorney for the respondents, in effect, that he would consent to a delay of three or four months further if they would undertake to persuade Dishman to file a plat of the townsite. Long before this time had expired, he sought by notice to terminate the contract.

The rule is well settled in this state that, after a vendor has waived the essence clause of a contract, the purchaser will not be in default until after a demand has been made upon him for a compliance with his contract and a reasonable time has elapsed in which to comply with the demand. *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026; *Douglas v. Hanbury,* 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500. We have also held that the time in which to perform a written contract may be waived as well as extended by parol. *Whiting v. Doughton, supra.*

The appellant, having encouraged the prosecution of the suit to quiet title to the lot, and having acquiesced in the delay in tendering the deed and abstract of title, was not in a position to assert a breach of the contract upon the part of respondents in failing to convey the lot at the time agreed upon. *Colpe v. Lindblom,* 57 Wash. 106, 106 Pac. 634; *Hawes v. Swanzey,* 123 Iowa 51, 98 N. W. 586; *Bales v. Williamson,* 128 Iowa 127, 103 N. W. 150.

It is contended that the description in the deed which the respondents tendered is indefinite. It suffices to say that it

conveys the identical property which the respondents agreed to convey, and that a mathematical calculation will disclose that the description is definite and easily susceptible of identification. This is all the law requires. *Rucker v. Steelman,* 73 Ind. 396; *Sengfelder v. Hill,* 21 Wash. 371, 58 Pac. 250.

The appellant makes frequent reference to Rem. & Bal. Code, § 7831, which provides that any person "who may hereafter lay off any town within this state shall, previous to the sale of any lots within such town," cause to be recorded in the proper office a plat of the town with the streets and alleys, etc. It is apparent that this section has reference only to the person who lays off the town. This was Dishman and not the respondents. The latter agreed to convey a lot according to an unrecorded plat. They tendered a conveyance in harmony with their agreement. They were not required to procure the plat to be filed. Whether or not the appellant may be able to compel Dishman to cause the plat to be filed is not before us.

The other objections to the abstract of title have been examined and we find them to be without merit.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and CHADWICK, JJ., concur.