ALMA MAY SHARP, Appellee, v. HANS BREMER et al., Appellants.

**SPECIFIC PERFORMANCE:** Recognized Delay in Perfecting Title. A purchaser who, in contracting, does not make time of performance the essence of the contract, and recognizes in the contract that vendor has only a partial interest in the property, and must by court proceeding acquire the right to convey the interest of minors, may not defeat specific performance if the vendor moves with due diligence to perfect his right to convey; nor may the purchaser defeat performance because of a reasonable delay in correcting after-discovered defects in the title, when he at no time offers to surrender his possession.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

DECEMBER 13, 1921.

ACTION in equity to enforce specific performance of a land contract. The trial court determined the equities to be with plaintiff. Defendants appeal.—*Affirmed.*

*Edwin J. Stason,* for appellants.

*Jepson, Struble & Anderson,* for appellee.

DE GRAFF, J.—James H. Sharp, husband of plaintiff-appellee, died intestate on January 11th, 1919 seized of the real estate

in controversy. He left surviving him his widow (plaintiff herein) and two minor children. On January 21st, 1919 plaintiff was appointed administratrix of his estate and duly qualified. On July 7th, 1919 a contract of sale of the land was entered into between the plaintiff and the defendants Bremer and Krause. By the terms of this contract plaintiff agreed to sell to the defendants a certain 80 acres of Woodbury County land and the defendants agreed to pay therefor the sum of $31,000.

At the time of the execution of said contract it was known to all parties concerned that the full title to said real estate was not in the vendor, and that it would be necessary to secure from the district court certain orders to convey the title and interest of the minor children. With this thought in mind and after a discussion preliminary to the execution of the contract there was written into the agreement the following:

"It is understood between the parties hereto that this contract is subject to the approval of the Woodbury County court."

On July 14th, 1919 plaintiff was duly appointed guardian of the property of the two minor children. Time was not made the essence of this contract, but it was agreed that possession of the land should be given to vendees on March 1st, 1920. Possession was taken by them about said time and thereafter retained by them. It is also shown that vendees leased said land for the ensuing year.

Upon the examination of the abstract of title tendered to defendants it was discovered that the deed conveying title to James H. Sharp, deceased husband of plaintiff, did not contain a correct legal description of the land to be conveyed. Plaintiff thereupon through her attorney attempted to secure from the grantor a correction deed, but for some undisclosed reason the grantor refused to execute another deed. It became necessary to institute an action to quiet title in the district court of Woodbury County. This matter was talked over between the parties and their attorneys, and it was agreed on or about July 15th that such action should be instituted and it was known to the parties that the next term of court for such purpose was the September 1920 term. Plaintiff took the initial steps, secured the necessary decree, and had the abstract continued to show title.

On November 8, 1920 a letter was written by defendants'

attorney to the defendant Krause certifying that the attorney had re-examined the abstract of title and found the "fee-simple title to the said property on the said date to be vested unconditionally in Alma May Sharp, Lola Irene Sharp and Eldon Burdette Sharp, free from liens or material defects" subject to a mortgage and guardian sale proceedings.

Upon the trial of this cause it was urged by defendants that the failure of the plaintiff to perfect the title to the real estate within two weeks from July 15, 1920 constituted a ground for rescission. In the answer and counterclaim of defendants they resisted the right of plaintiff to specific performance by reason of plaintiff's failure to perform the contract on March 1st, 1920.

We are not impressed with the claim that there was a rescission or an attempt at rescission of the contract on the part of defendants on March 1st, 1920; nor is there sufficient evidence to warrant a finding that there was any agreement on the part of plaintiff to secure and convey to defendants a title within two weeks after the meeting of the parties in the office of the defendants' attorney July 15, 1920.

The testimony of defendant Krause is to the effect that "if the plaintiff forced the defendants to take the land that they would sue the plaintiff for damages." A claim for damages was made in the counterclaim filed predicated on the proposition that defendants had resold the land at a profit, and were unable to give title by reason of plaintiff's failure to convey.

It is unmistakably shown that the defendants at the time of the purchase knew that the plaintiff did not have full title and that it would be necessary to secure orders from the district court to convey the interests of the minor heirs in this land. Time was not the essence of this contract, and it will be observed that possession of the real estate was given to the vendees according to the terms of the contract and this possession was retained by them. If a vendee knows that his vendor has not the title when the contract of sale is made, and it is anticipated that time is necessary to enable the vendor to perfect the title in order to carry out his agreement, the vendee cannot avoid specific performance for that reason if the vendor exercises due diligence to secure through court action the legal title. This was clearly contemplated by the parties at the time the contract was

made. Furthermore under the circumstances of this case the defendants permitted the contract to remain in force knowing that the plaintiff was taking the necessary steps to secure title and to clear objections to the title which had been made by the vendees. During all this time plaintiff was expecting to perform the contract and defendants were expecting to receive deed as soon as title was secured through necessary legal proceedings. Both of these matters required legal proceedings and appropriate orders and decrees.

The circumstances are such that a strict observance of the contract cannot be exacted. This case is clearly distinguishable from the decisions cited by appellant in brief which hold that a plaintiff who does not have title to the land when the contract was made cannot acquire a status to maintain an action for specific performance by obtaining a subsequent title. See *Primm v. Wise & Stern*, 126 Iowa 528; *Webb v. Hancher*, 127 Iowa 269; *Nelson v. Chingren*, 132 Iowa 383; *Olson & Nessa v. Rogness*, 173 Iowa 331.

In the instant case both parties to the contract knew that the vendor did not have complete title when the contract was made, and the reasonable intendment of the contract was to give the plaintiff sufficient time to secure title through legal proceedings. Plaintiff proceeded in good faith to secure a legal merchantable title. She was not altogether the judge of the time which was required to do the contemplated things. She was compelled to go to court and this was recognized at all times and in all instances complained of by the defendants. There was mutuality in the contract, and it may be said that by reason of the conditions necessary to be performed and the manner of their performance that the rights of both parties under the contract were automatically continued. One must rescind promptly, if he intends to exercise the right of rescission. He cannot play "fast and loose."

When March the 1st, 1920 arrived appellants entered into possession of the land, and impliedly, if not expressly agreed that further time would be granted within which to procure an abstract showing title. There was no rescission intended or attempted at this time. Later it was known to both parties that it was necessary to institute an action to quiet title since the

grantor of title to plaintiff's husband would not voluntarily give a correction deed. There was no agreement in a legal sense made at this time, but it was recognized that the September term of court following was the first term in which such action could be prosecuted. This also indicates that no rescission was intended and none was declared. Bearing upon the questions involved herein see, *Allen v. Adams*, 162 Iowa 300; *Plummer v. Kennington*, 149 Iowa 419; *Weiser v. Rowe*, 185 Iowa 501; *Hawes v. Swanzey*, 123 Iowa 51. The trial court properly held that the equities of this cause are with the plaintiff and the judgment entered is therefore—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.