A. G. WATLAND, Appellee, v. O. E. QUAINTANCE, Appellant.

**VENDOR AND PURCHASER:** Rescission—Restoration of Consideration. A vendor, refusing to convey land because a mortgage and note received by him therefor were fraudulently misrepresented to him, is required, upon rescission of the contract, to return the note to the purchaser; and where he himself was unable to perform in the contracted time, he cannot declare the note forfeited to him.

APPEAL AND ERROR: Amended Abstract—Sufficiency. Where appellee files an amended abstract, without claiming that appellant's abstract is unfair, or that it omits any essential part of the record, or that additional abstract is necessary, the amended abstract will not be stricken, as the preparation of the amendment justifies the making of it.

*Appeal from Poweshiek District Court.*—K. E. WILLCOCK-SON, Judge.

APRIL 12, 1919.

REHEARING DENIED JULY 10, 1919.

PLAINTIFF and defendant entered into a contract wherein it was agreed that, upon certain conditions, defendant should execute a clear warranty deed to plaintiff for certain Iowa land. Defendant refused to make this conveyance. Plaintiff brought this action to compel specific performance of the contract, praying alternative relief if specific performance be not decreed. The court decreed the alternative relief, and defendant appeals.—*Affirmed.*

*Lewis & Dickson* and *R. J. Smith,* for appellant.

*Thomas J. Bray* and *J. G. Shifflett,* for appellee.

SALINGER, J.—I. Traveling by different routes, the parties have reached a point where they agree that specific performance is out of this appeal. The plaintiff desired specific performance. It was denied, and he does not appeal. The defendant insisted at all times that the plaintiff was not entitled to specific performance, and the trial court agreed with him. So, it has become the law of the case that specific performance was rightly denied. It follows that the very full presentation of the law governing specific performance needs no consideration.

II. Defendant and plaintiff made contract for the sale and purchase respectively of Iowa land owned by defendant. The contract provided, among other things,

that plaintiff should execute a bankable

**1. VENDOR AND PURCHASER: rescission: restoration of consideration.** note to the defendant, and turn over to him a note given to plaintiff by one Shelly, secured by a mortgage on Colorado land. The defendant asserts that the note tendered him was not bankable, and that plaintiff fraudulently represented the Colorado paper to be good security for its face, when, in truth, the land mortgaged was not worth more than half the face of the mortgage. This, if proved, would, of course, constitute a perfect defense against a demand for specific performance of the contract. But since specific performance was denied, it has become immaterial that said matters alleged would constitute a good defense to a suit for specific performance.

III. In denying specific performance and granting the alternative relief prayed by plaintiff, the trial court, in effect, decreed a rescission of the contract. Despite his agreement to convey the land covered by the contract, the decree leaves that land with the defendant, and it restores to plaintiff, among other things, the said note which defendant claims was not bankable, and the said Colorado security.

Assume it to be true that the note was not bankable, and that the value of the Colorado security was grossly misrepresented by the plaintiff. Does it follow it was error to decree that these should be restored to the plaintiff? The defendant keeps his land. Said note and mortgage were part of the purchase price of the land. How can the fact that the note was not bankable, and that the value of the mortgage was fraudulently misrepresented, effect that defendant should keep the land and, as well, the things received as part of its purchase price? If the restored note was not bankable, that attribute cost defendant nothing, and he added nothing to the quality of the note by surrendering it. Good or bad, the recipient got nothing but the very

note that defendant had received from him. If the value of the Colorado security was fraudulently misrepresented, its lack of value put no burden on defendant, and its surrender by him added nothing to quality. If the Colorado mortgage was, in whole or in part, worthless, its surrender transferred paper of just that quality. In one word, if a contract is to be rescinded, the value of what is restored is, ordinarily at least, immaterial; for only that is restored which was received. If the thing received was without value, that fact can concern no one save the one to whom surrender is made. If the land be paid for with an absolutely worthless check, then, even though the buyer fraudulently represents that the check is valuable, there is no reason why the vendor should, on rescission, keep his own property and the alleged worthless check as well. Where the vendor keeps what he has agreed to sell, and surrenders paper received on the purchase price, no one would assert that he might sue the vendee for damages because the latter had fraudulently misrepresented the value of the paper.

We gather appellant claims that he should be allowed to keep what he has received and whatever purchase price had been paid him, because plaintiff should be punished for making said fraudulent representations, and should not be allowed to go "Scot free." We are advised of no rule, either in law or in equity, that permits such punishment to enter in as an element in the adjustment upon a rescission.

IV. There is, however, one theory upon which defendant might be allowed to keep all that he has received, and that is that the contract makes time of performance essential, and permits a forfeiture on failure to perform strictly. But that situation can avail the appellant only if the contract justified the declaration of forfeiture which appellant served. But it appears that appellant was not ready to perform at the time stipulated for performance. The contract provided he should furnish an abstract showing his

land to be free from incumbrance other than an $11,000 mortgage. At the time fixed for performance, the vendor was unable to furnish an abstract showing that, but, on the contrary, tendered one which showed an incumbrance quite largely in excess of $11,000. It is true the contract further provides that the vendee may make objections to the abstract, and that, upon so doing, the vendor shall have a reasonable time to meet the objection; and no objections were made. That would be very material if plaintiff were demanding to be released from the contract because the abstract stipulated for in the contract was not furnished. To such a claim it could be well defended that there could be no release on that ground, because no objections to the abstract were made; or that, if made, sufficient time was not given to make correction. But the vendee sought specific performance, and thereby declared that he did not wish to be released. It is the appellant, the vendor, who wants to cancel the contract and to have the purchase price forfeited. Upon that issue, he cannot prevail where it appears that he, himself, was not ready to perform in the contract time. He may not declare a forfeiture because the other party failed to do stipulated things by the time fixed in the contract, if the vendor, too, was unable to perform at that time. In this connection, it is to be noted that appellant declares in the record that, if it had not been for the declared intention of the plaintiff to compel defendant to take a nonbankable note, and his further purpose to compel defendant to keep the Colorado security at its face value as constituting performance, and this after plaintiff had learned that the Colorado land was worth only about half the face of the mortgage, he, the appellant (vendor), would have fully performed his part of the said land contract, and would have continued the abstract on his land to show title in accord with the contract. This clearly amounts to a concession that mere failure to perform strictly at a stipulated time is not relied on by appellant.

Under the circumstances disclosed in this record, the failure of plaintiff to perform strictly at the contract time did not work a forfeiture. And, therefore, the court was right in decreeing that said note and the said Colorado security should be returned to plaintiff.

What we have said on this head covers, as well, other things the decree ordered to be restored.

V. There is a motion by appellant to strike an additional abstract filed by appellee. The essence of the motion is that the matters set out in the amended abstract are immaterial and unnecessary, because same consists entirely of questions and answers; because appellee does not so much as claim that the abstract of appellant is unfair or omits any essential parts of the record, nor claim that his additional abstract is necessary to a full understanding of the controversy over the forfeiture. We think, on the whole, that the preparation of the amendment is sufficiently according to rule, and appellee sufficiently justified in making it as that we must decline to sustain the motion.—*Affirmed.*

2. APPEAL AND ERROR: amended abstract: sufficiency.

LADD, C. J., EVANS and GAYNOR, JJ., concur.