THEODORE GOETTSCH, Appellee, v. FRED WESEMAN et al., Appellants.

SPECIFIC PERFORMANCE: Contracts Enforcible—Exchange of
1 Lands—Conditions—Waiver of Performance. In an action for specific performance of a contract for exchange of lands, the burden is on the plaintiff to show that, before the action was · commenced, he had performed or attempted to perform all conditions to be performed by him; and if he has failed, then the burden is upon him to plead and prove that the defendant waived performance of such conditions.

SPECIFIC PERFORMANCE: · Exchange of Lands—Conditions—Ma-
2 turity of Mortgage. Plaintiff, having agreed to exchange land on which a mortgage was not to mature until the spring of 1920, could not offer to perform with a mortgage maturing a year earlier on said lands, and enforce specific performance against defendant.

*Appeal from Clinton District Court.*—A. J. HOUSE, Judge.

APRIL 15, 1919.

ACTION to enforce the specific performance of an agreement to exchange lands. The opinion states the facts. Decree for the plaintiff in the trial court. Defendant appeals.
—*Reversed.*

*Pascal & Pascal,* for appellants.

*Wolfe & Wolfe* and *Wm. Hoersch,* for appellee.

GAYNOR, J.—This action is brought to enforce the specific performance of a certain written contract for the exchange of lands. The contract was made on the 29th day of January, 1917, and, among other things, provided that the contract should be consummated on the 1st of March, 1917, and that, on that date, deeds should be executed and delivered by each to the other for the lands covered by the contract, and that each should provide, for the use of the other, within 30 days from the making of the contract, proper abstracts of title to the property agreed to be conveyed, showing good and sufficient title to the same in the grantors. It was further stipulated in the contract that the defendant should take plaintiff's land, subject to mortgages now thereon for the principal sum of $17,500, with interest from and after March 1, 1917, at the rate of 6 per cent per annum, said mortgages becoming due and payable during the spring of 1920.

It appears that, at the time the contract was made, plaintiff was not the owner of the land which he agreed to convey, and had only an executory contract for its purchase, and that he had no title to said land on the 1st of March, 1917, at which time, by the terms of the contract, the deal was to be closed.

The evidence satisfies us that, on the 1st of March, 1917, the defendant appeared at the office of plaintiff's attorney, with deeds and abstracts to the land which he agreed to convey, and with all other papers provided for in the contract

to be delivered by him, and that no objections were made to the same.

The deal was not then consummated, for the reason only that plaintiff had not yet acquired title to the land which he had agreed to convey. The defendant was then for the first time informed that plaintiff did not have title. No agreement to extend the time for performance seems to have been made. Nothing further was done between the parties, touching the subject-matter of the contract. It appears, however, that, after the 1st of March, defendant requested plaintiff to perform; and asked him to meet him at a certain place, on a certain day, for the purpose of consummating the contract; but plaintiff failed to appear, because he was still unable to perform. No request was made by plaintiff for delay. Defendant did not notify plaintiff that he elected not to consummate the contract, until after plaintiff had perfected his title. Plaintiff secured his deed on the 9th day of March, 1917, but it was not recorded until the 12th of April following. It appears that subsequently, and on a certain Sunday, the plaintiff's agents appeared at defendant's home, and announced that they were ready to consummate the deal, and defendant then, for the first time, told them that he would proceed no further in the consummation of the deal. Thereupon, plaintiff brought this action, on the 24th day of May, 1917, asking that defendant be required to specifically perform his contract. It will be noted that, before this action was begun, plaintiff never delivered or tendered to the defendant the abstract called for by the contract, nor did he tender the defendant a deed. In fact, no deed was ever executed until after the trial was begun. The trial was begun on the 9th day of November, 1917. The deed to the land which plaintiff agreed to convey was not executed until the 19th of November, 1917, and then, and during the trial, was, for the first time, tendered to the defendant. The deed was in the ordinary form of warranty deed, and conveyed

the land which plaintiff agreed to convey, subject to a mort-gage of $17,500, with interest from March 1, 1917.

It will be further noted that the contract provided that the land would be subject to a mortgage for $17,500, due in the spring of *1920*. At the time the contract between the plaintiff and defendant was made, there was a mortgage upon the land for $10,000, payable March 5, 1920, with 6 per cent interest per annum, payable annually. After the contract was made, the party from whom plaintiff contemplated purchasing the land, and with whom he had a contract to purchase, executed and placed on record a mortgage upon the land, on the 9th day of March, 1917, for $4,000, payable March 10, *1919*, and on the same day executed another mortgage for $3,500, payable on March 9, *1919*; and these are the mortgages referred to in the deed.

Although there is some rambling evidence given by the agents who sought to negotiate this deal for the plaintiff, that the defendant waived the furnishing of abstracts, it is so unsatisfactory and so contradictory that it has but little probative force. In fact, we consider it as having no probative force. The contract called for abstracts to be furnished 30 days from the making of the contract. Defendant had all his abstracts ready when he appeared at the office of plaintiff's attorney on the 1st of March, to close the deal. Plaintiff had neither title to the land nor deed nor abstract, and the day passed without closing the deal. Defendant had no opportunity to examine the abstract, or to determine from an examination whether the title was such as was called for by his contract, before this suit was begun or afterwards. The abstract was not there even at the trial. The testimony is that it was somewhere between Boston and the place of trial. At the conclusion of the testimony, it was stipulated, however, that, upon its arrival, it might be passed into the hands of the judge. It is not shown that the

defendant ever saw it, even then. The fact that the abstract shows that these mortgages were executed after the contract which is sought to be enforced was made, and that $7,500 of these mortgages matured a year earlier than was stipulated in the contract, was not called to the attention of the defendant, nor does this record show that it was known to the defendant. It does not, therefore, stand well with plaintiff to say that the objection that the incumbrance upon the property was not as stipulated in the contract has been waived by this defendant because he did not urge that objection upon the trial. We might assume, for the purposes of this case, but for no other, that the defendant waived the performance of the contract at the time stipulated in the contract, but we find no evidence upon which to base a claim that defendant waived his right to the abstract. He was entitled to it before he could be required to perform. Further, we find nothing in this record that shows that defendant ever waived the provision of the contract that the mortgages should mature in 1920, or that he elected to accept the land with a large portion of the mortgage maturing a year earlier.

It must be borne in mind that the plaintiff brings this action, and the burden is on him to show that he had performed all the conditions on his part to be performed, or had tendered performance of all the conditions to be performed, before the action was commenced. It must be borne in mind further that, if he has failed in this, then the burden is on him to plead and prove that the defendant waived a performance. This he has not done. Counsel seems to proceed on the theory that the burden was on the defendant to show that he had not waived a strict performance of the contract. That he might waive a failure to strictly perform, see *Webb v. Hancher,* 127 Iowa 269; *Stevenson v. Polk,* 71 Iowa 278; *Armstrong*

1. SPECIFIC PERFORMANCE: contracts enforcible: exchange of lands: conditions: waiver of performance.

*v. Breen,* 101 Iowa 9; *Plummer v. Kennington,* 149 Iowa 419; *Lillienthal v. Bierkamp,* 133 Iowa 42. But the question still remains: Has the plaintiff shown that defendant waived any of the provisions of the contract which the plaintiff was required to perform? The maturity of the mortgage was a material part of the contract, and defendant cannot be required to accept title to land with an incumbrance maturing at any other time than that stipulated in the contract.

The legal question involved in this case has been considered by this court many times. Nothing would be gained by reviewing the authorities.

We reverse this case for the reason that the plaintiff has failed to show that he has performed the contract on his part, or that defendant has waived performance. The record discloses that the plaintiff failed to deliver or tender to the defendant an abstract of title such as is called for by his contract. On this point, we have to say that some of the witnesses who represent the plaintiff, and who are agents of the plaintiff, and who are interested in pressing this cause because of commissions that they will receive if the plaintiff prevails, have undertaken to say that they told the defendant where the abstract was, and that it was there subject to his examination. One witness, being asked where the abstract was, said it was in Beber's office. Beber lived in Fulton, Illinois, and was a land agent. We will assume that his office was where he lived, nothing further appearing. Defendant was not bound to go to Fulton, Illinois, to examine this abstract. It was plaintiff's duty to furnish it to the defendant, or to one authorized to receive it for him. The contract created a duty, and a duty rested on the plaintiff to furnish him the abstract more than 30 days before the first of March. At least, defendant was entitled to a reasonable time to examine the abstract after it was furnished, to determine whether it complied with the

contract, before he could be called upon to perform. The last testimony touching this abstract was that it had been in the hands of some loan agent in Boston, had been sent for, and, at the time of the trial, was somewhere between Boston and the place of trial. It was stipulated that, if it arrived, it might be handed to the judge. This was after the cause had been tried and submitted.

Secondly, we reverse this case for the reason that it affirmatively appears that a portion of the incumbrance upon the land, which the contract stipulated should mature in the spring of 1920, matured a year earlier. De-

2. SPECIFIC PER-
FORMANCE: ex-
change of
lands: condi-
tions: maturity
of mortgage.

fendant cannot be required to take land incumbered other than as his contract required him to take it. Plaintiff has, therefore, not put himself in a position to insist upon the specific performance of the contract as originally made, and he does not offer to perform it as originally made, but under changed conditions. These two facts do not appear to have been considered by the trial court in disposing of the case. They were possibly overlooked. It appears from the statement of the judge that the cause was not argued to him. The overlooking of these facts, we think, led the judge to an erroneous conclusion, and an erroneous judgment and decree. The decree is, therefore,—*Reversed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.