JACOB COLYN, JR., Appellant, v. W. J. VANDER WILT, Appellee.

**SPECIFIC PERFORMANCE:** Burden of Proof. A plaintiff who seeks specific performance of a contract for the sale of real estate must prove that he has, prior to commencing action, performed all of the conditions of the contract on his part, or has tendered full performance.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

MAY 6, 1924.

REHEARING DENIED SEPTEMBER 26, 1924.

ACTION in equity by the plaintiff-vendor against the defendant-vendee, to enforce specific performance of a written contract for the sale of real estate. Petition dismissed, saving the right to the plaintiff to bring an action against the defendant for damages for breach of the contract in suit. From the judgment entered, plaintiff appeals.—*Affirmed.*

*Devitt & Eichhorn* and *C. Ver Ploeg,* for appellant.

*W. H. Keating* and *Thomas J. Bray,* for appellee.

DE GRAFF, J.—On June 14, 1920, plaintiff and defendant entered into a written contract, whereby, for the considerations therein named and to be performed by the defendant, plaintiff agreed to convey to the defendant a described 120 acres of land, situated in Mahaska County, Iowa. On March 28, 1921, it was stipulated in writing between the parties that the terms of the contract were extended until March 1, 1922, at which time they

were to be completed as provided by the original contract. Plaintiff alleged that, at all times since the execution of the contract and the extension thereof, he has been ready, able, and willing to perform the contract, and that he is now ready, able, and willing to so perform, but that the defendant has neglected and refused to perform on his part. It is further alleged that the plaintiff has executed a warranty deed, with an abstract showing title, as provided by the terms of the contract, and now tenders into court said deed and abstract for the use of the defendant. Plaintiff prays for a decree of specific performance, and in the alternative for the foreclosure of the contract.

Defendant in answer admits the execution of the contract, the payment of $1,000 in cash, the execution of a $2,000 note on March 1, 1921, the extension of the contract, and that there was due $13,000 on March 1, 1922, with interest, and that the defendant was to execute a note secured by a mortgage for $20,000 on said real estate. Defendant further admits that he has not performed the contract on his part, but denies the ability of the plaintiff to perform, or that plaintiff has executed a deed and an abstract of title. By a cross-petition, defendant pleads that the contract was obtained by fraud, as specifically alleged therein, and seeks to recover the $3,000 that has been paid on the contract, and the cancellation of the contract and extension agreement.

Plaintiff by reply denied every material allegation contained in defendant's answer and cross-petition, and, further answering the cross-petition, states that the defendant is estopped from attempting to cancel said contract upon the ground of alleged fraud, by reason of the acts and declarations of the defendant made to the plaintiff after the defendant had means of knowledge and actual knowledge of the condition of the land, and prayed for the dismissal of the cross-petition on its merits.

It is elementary that, in a suit for specific performance of a contract, plaintiff must allege and prove, unless waiver is shown, that he has performed all of the conditions of the contract on his part, or tendered performance before the action was commenced. *Dierksen v. Pahl*, 194 Iowa 713; *Goettsch v. Weseman*, 185 Iowa 1213. The contract in suit required the plaintiff to

deliver to the defendant, on or before a certain date, an abstract of title to the real estate, showing good title of record in the plaintiff, free from incumbrance. The defendant having in answer denied the performance and the ability of plaintiff to perform in these particulars, the burden was upon the plaintiff to prove performance. There was no waiver of conditions on the part of defendant, and the record shows that, in February, 1922, plaintiff presented to defendant a waiver of formal tender of deed and abstract by plaintiff; but the signing thereof was declined. This action was commenced without the delivery or tendering to the defendant of any deed or abstract. The record does disclose that one of the attorneys for plaintiff was called by the defendant for the purpose of identifying a certain stipulation, and to prove that the said attorney had collected and retained all rents from the premises subsequently to the execution of the contract of sale, and that he had never delivered an abstract of title to the defendant. Upon cross-examination, plaintiff sought to have the witness identify a purported warranty deed to the premises and prove that the witness had the deed in his possession prior to the bringing of the suit, and that he had been authorized to place stamps thereon, and that he had an abstract of title to the property made, and that the plaintiff was the owner of the real estate in controversy. Legal and timely objections were made to all of the questions so propounded on cross-examination, and the answers were received subject to the objection. What was attempted to be proved did not constitute a waiver, and furthermore, no waiver was pleaded. Notwithstanding the character of the objections or the competency of the testimony, the fact stands that no abstract of title to the land was produced or offered in evidence, nor was there any competent showing that plaintiff could produce an abstract of title, as required by the contract. Plaintiff failed in the essentials of proof, and the relief as prayed by the plaintiff was properly denied. Wherefore, the judgment entered is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.