JOHN F. WEISER, Appellee, v. E. E. ROWE, Appellant.

**VENDOR AND PURCHASER:** Abortive Tender of Performance. A
1  tender of performance by a vendor, at a time when he is wholly
   unable to perform, is a nullity, and therefore calls for no ten-
   der of performance by the vendee.  ?

**VENDOR AND PURCHASER:** Mutual Failure to Tender Perform-
2  ance. Mutual failure to tender performance within a stipu-
   lated time limit automatically continues life of contract.

*Appeal from Woodbury District Court.—J. W. ANDERSON,
Judge.*

FEBRUARY 17, 1919.

ACTION at law to recover $500 purchase money paid
upon a land contract which the plaintiff rescinded on ac-
count of alleged breach by the defendant. There was a
verdict for the plaintiff, and the defendant appeals.—*Af-
firmed.*

*F. L. Ferris* and *C. N. Jepson,* for appellant.

*Henderson, Fribourg & Hatfield,* for appellee.

EVANS, J.—On January 4, 1915, the plaintiff and de-
fendant entered into a written contract, whereby the de-
fendant purported to sell, and the plaintiff to buy, 160
acres of land, for the consideration of
$12,800. Five hundred dollars was paid on
the contract. For the remainder of the
purchase price, $6,500 in mortgages were to
be assumed, and the balance, $5,800, was to be paid at the
time of delivery of deed. The defendant was to furnish
an abstract, showing good and merchantable title, and to
deliver a warranty deed, all to be done within 30 days. On
January 13th, the defendant caused the plaintiff to be fur-

1. VENDOR AND
PURCHASER:
abortive ten-
der of per-
formance.

nished with an abstract of title, which was examined by plaintiff's attorney. Some formal defects in the chain of title were pointed out by the examining attorney. The defendant proceeded to amend such defects, and acquired the necessary instruments for the purpose, by the morning of February 5th. The time limit specified in the contract expired on February 3d. No place of performance was specified in the contract. The parties did not meet on February 3d or 4th; nor does it appear that any attempt to meet was made by either. On the morning of February 5th, the defendant phoned to the plaintiff that he had acquired all necessary papers, and was then able and ready to close the deal. In response to the notification, the plaintiff stated that he had withdrawn from the contract, because of the failure of the defendant to comply therewith within the time limit. The question has been considerably discussed in the briefs whether the plaintiff had the right to rescind the contract on the mere ground that the defendant had failed to tender performance within the time limit. In view of the fact already noted, that the plaintiff

**2. VENDOR AND PURCHASER: mutual failure to tender performance.** himself did not offer performance at any time prior to February 5th, the contract was thereby continued in force. Either party could put the other in default by a tender and demand. *Waters v. Pearson,* 163 Iowa 391; *Wright v. Swigart,* 172 Iowa 743; *Miller v. McConnell,* 179 Iowa 377.

On February 8th, the defendant served upon the plaintiff a written offer and demand of performance, and a notice of intention to declare a forfeiture. It appears, however, that, though the defendant said, on February 5th, that he was ready and able, and though he repeated in writing the same offer on February 8th, he was not, in fact, ready or able to perform on either date. The title to the land was not in the defendant. It was in the Levitt Investment Company. The defendant had a contract for the purchase with

the Levitt Investment Company. The terms of that contract do not appear in the record. According to the defendant's testimony as a witness, he did not receive his title until February 10th. His deed was not filed until March 2d. It could not, therefore, have appeared upon his abstract of title before that date. To add to the complication, the deed delivered to the defendant conveyed to him only an undivided one half of the property, and conveyed the other undivided one half to one Warren Sellers. Sellers was not a party to the contract, nor is his apparent connection with the title acquired from the Levitt Investment Company explained in the evidence in any manner. The result is that the tender and demand by the defendant were premature, in the sense that, at the time of such tender, he was not ready and able to perform it, and was, therefore, not entitled to make a demand upon plaintiff. It goes without saying that the plaintiff was justified in refusing the demand. Under the circumstances here indicated, he was not bound to make a tender to the defendant. *Nelson v. Chingren,* 132 Iowa 383. The defendant's false offer and premature demand amounted to a breach on his part, and the plaintiff thereby became entitled to rescind. Such was the holding of the trial court, and its judgment is—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.