J. P. MARX, Appellant, v. ROY KING, Appellee.

**VENDOR AND PURCHASER:** Construction of Contract—Presumption as to Interest Payments. When the contract obligation of the purchaser of land to give a mortgage is definite as to amount, maturity of principal, and rate of interest, the law will imply that the interest is to be payable *annually.*

**VENDOR AND PURCHASER:** Performance of Contract—Vendor's Duty to Execute Deed. A *printed* contract provision to the effect that the vendor will, on stated terms, *himself* deed the premises to the buyer, is in no wise modified by a later *typewritten* provision in the same contract to the effect that the vendor will "*furnish*" a deed to the premises.

**VENDOR AND PURCHASER:** Rescission of Contract—Vendor in Default. A vendor who is in default may not forfeit the contract.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 14, 1922.

ACTION in equity, to compel the specific performance of a contract to convey real estate. Decree granting specific performance, but plaintiff appeals from certain provisions thereof. —*Modified and remanded.*

*T. M. Zink,* for appellant.

*Molyneux, Maher & Meloy,* for appellee.

STEVENS, C. J.—As stated, this is an action to compel the

specific performance of a contract to convey real estate. The contract was executed April 24, 1919, between Roy H. King, as party of the first part, and J. P. Marx, as party of the second part. By the terms of the contract, the party of the first part, appellee herein, agreed to sell, to appellant the west half of Section 22, Township 96, Range 39, O'Brien County, the record title to which was then in one Samuel Parker, and the northeast quarter of Section 21, Township 96, Range 40, the record title to which was in Luella L. Hughes, and also the northwest quarter of Section 22, Township 96, Range 40 west of the 5th P. M., the title to which was in Edyth B. King. The agreed consideration was $196,000, $13,000 of which was paid upon the execution of the contract, and the balance to be paid as follows: $17,000 cash on March 1, 1920; appellant to assume mortgages upon the west one half of Section 22 as follows: One of $20,000, due April 25, 1922; one of $20,000, due March 1, 1928; one of $7,000, due March 1, 1923; one of $15,000, due March 1, 1925, all bearing interest at the rate of 5 per cent from March 1, 1920; also, a certain first mortgage, to be placed upon the northwest quarter of Section 22 and the northeast quarter of Section 21 aforesaid, and to give back mortgages for the difference between said first mortgage and $80,000, due March 1, 1930, with interest at 5 per cent from March 1, 1920, and to assign to appellee two mortgages, aggregating $23,000, which are fully described in the signed memorandum attached to the contract. Appellant failed to comply with the contract and to make the cash payment required on March 1, 1920; and on March 18th, appellee caused a notice of his election to declare a forfeiture of the contract to be served upon appellant. On April 3d following, appellant caused a written tender of full performance of the contract, according to his construction thereof, to be served upon appellee, and also demanded a warranty deed, signed and executed by appellee, conveying the premises to appellant.

On July 26, 1919, appellant leased the west one half of Section 22 to one Theodore Kroger for the term of one year, commencing March 1, 1920. Before discussing the effect of the notice given by appellee of his election to forfeit the contract, and of the terms of the written tender served upon appellee, we desire to call attention to certain material provisions of the con-

tract. After specifying the terms of payment, the contract proceeds as follows:

"Second party will assume a first mortgage to be placed thereon * * * and will give back mortgages for the difference between said first mortgage and $80,000. due March 1st, 1930, with interest at 5 per cent from March 1st, 1920."

In his written tender of April 3d, appellant stated:

"He also hereby tenders to you a mortgage on said northwest one fourth of twenty-two and the northeast one fourth of Section twenty-one, Township ninety-six North, of Range forty, signed by J. P. Marx only, the same securing the payment of the sum of forty-nine thousand ($49,000.00) dollars, as evidenced by notes which are also hereby tendered, said notes signed by J. P. Marx only, and bearing interest at five per cent from March 1st, 1920, and due Mar. 1, 1930, said interest not being payable annually as provided in said contract."

It is stipulated in the record that, on April 25, 1920, W. J. Bennett, grantee of Samuel Parker, by himself and wife executed and acknowledged a warranty deed conveying the west one half of Section 22 aforesaid to appellant, and delivered the same to appellee; that Luella L. Hughes, prior to March 1st, executed a warranty deed conveying the northeast quarter of Section 21 aforesaid to appellant, and delivered the same to appellee; that, prior to March 1, 1919, Edyth B. King and her husband, appellee herein, executed a warranty deed conveying the northwest quarter of Section 22 aforesaid to appellant, and delivered the same to appellee; and that, on June 1, 1920, Edyth King and her husband by special warranty deed conveyed said land to Luella L. Hughes, subject to a mortgage of $15,000.

Although it does not otherwise appear in the record, the court found that the contract between the parties was partly printed and partly in typewriting. So far as material, the printed portion of the contract is as follows:

"In case the said second party, his legal representatives or assigns shall pay the several sums of money aforesaid punctually, and at the several times above limited, and shall strictly and literally perform all and singular the agreements and stipulations aforesaid, after their true tenor and intent, then the first party will make unto the second party, his heirs and assigns,

upon request and surrender of this contract, a deed conveying said premises in fee simple, with the ordinary covenants of warranty, and furnish an abstract of. title to date, showing clear, merchantable title, except the incumbrances designated herein.''

The typewritten part is as follows:

''At which time first party will *furnish* warranty deeds to said premises.''

The contention of appellant is that the provision of the contract requiring the execution by him of certain mortgages upon the premises, to secure notes maturing March 1, 1930, does not contemplate the payment of interest annually, but only at the maturity of the notes; and it is the contention of appellee that, under the provisions of the contract quoted above, he is required only to furnish a warranty deed from the record owner of the land, and that the contract does not bind him to personally convey the premises to appellant.

With reference to the construction to be placed upon the provision of the contract obligating appellant to execute notes and mortgages due March 1, 1930, we think the construction contended for by appellant is clearly unsound. The form of the notes and mortgages is not set out in the contract, but it will be implied from the terms thereof that the parties contemplated the execution of notes and mortgages in the usual and ordinary form of such instruments in transactions of the character in question. This question is settled by the recent case of *Merriam v. Leeper*, 192 Iowa 587. Manifestly, therefore, the written tender of performance by appellant did not meet the strict terms of the contract.

1. VENDOR AND PURCHASER: construction of contract: presumption as to interest payments.

The court below sustained appellee's construction of the contract, and held that the typewritten portion controlled, and that he could not be required to execute a deed conveying the premises to appellant. This finding cannot be sustained. In the first place, Section 4616 of the Code is not applicable to the contract in question. This section is as follows:

2. VENDOR AND PURCHASER: performance of contract: vendor's duty to execute deed.

''When an instrument consists partly of written and partly of printed form, the former controls the latter, if the two are inconsistent.''

This statute applies only when the printed and written portions of the contract are inconsistent. *Heiple v. Reinhart,* 100 Iowa 525; *Sylvester v. Ammons,* 126 Iowa 140; *Urbany v. City of Carroll,* 176 Iowa 217; *Commercial Nat. Bank v. May,* 187 Iowa 888. There is no inconsistency whatever between the printed provision of the contract and the typewritten portion thereof. In the former, appellee obligated himself to execute a deed conveying the premises in fee simple to appellant, and in the latter, to furnish a warranty deed conveying the premises to him. Considering all of the provisions of the contract together, so as to carry out the intention of the parties, appellee was not only required to *furnish* a deed containing the usual covenants of warranty conveying the premises to appellant, but the deed furnished must be one executed by himself.

Furthermore, does the word "furnish," as used in the contract, relieve appellee from the duty to execute the deed himself? The rule is well settled that, where one party agrees to convey to another, by warranty deed, land the title to which is vested in a third person, tender of a deed by such third person is not sufficient. Warvelle on Vendors (2d Ed.), Section 347; *Rudd v. Savelli,* 44 Ark. 145; *Crabtree v. Levings,* 53 Ill. 526; *Bigler v. Morgan,* 77 N. Y. 312; *Weitzel v. Leyson,* 23 S. D. 367 (121 N. W. 868); *Steiner v. Zwickey,* 41 Minn. 448 (43 N. W. 376); *Gottschalk v. Meisenheimer,* 62 Wash. 299 (113 Pac. 765); *Paul Co. v. Shaw,* 86 Kan. 136 (119 Pac. 546); 27 Ruling Case Law 520.

Another rule of general, if not universal, acceptance is that a purchaser cannot be required to accept a conveyance from a third person, even though a good title is thereby conveyed, unless it is so stipulated in the contract. *James v. Burchell,* 82 N. Y. 108; *Miner v. Hilton,* 15 App. Div. 55 (44 N. Y. Supp. 155); *Gaar v. Lockridge,* 9 Ind. 92.

In each of the above cited cases, the contract involved provided that the vendor "would convey or cause to be conveyed," and the court held that the purchaser was not bound to accept the deed of a third party, although it contained full covenants of warranty. Whether or not the latter rule should be applied to the provisions of the contract in question, it is clear that there was no such inconsistency between the written

and printed portions of the contract as to invoke the statute.

The conclusion from the foregoing must be that the notice of appellee's election to declare a forfeiture of the contract was ineffectual for that purpose, and that the written tender of appellant did not meet the requirements of the contract, and that appellee was not bound to accept the notes and mortgages tendered. Appellee was in default on March 1, 1920, for the reason that he did not have title to 480 acres of the land, and was unwilling to convey the premises·directly to the appellant. So far as the· record reveals, appellee was not, at the time of the trial, the record owner of any of the premises described in the contract. He was not, therefore, at the time notice was served, in a position to forfeit the contract. *Weiser v. Rowe*, 185 Iowa 501.

3. VENDOR AND PURCHASER: rescission of contract: vendor in default.

While the record is ominously silent as to many important matters, it is clearly manifest therefrom that both parties have at all times treated the contract as still subsisting. Plaintiff brought this action for specific performance, asking, as alternative relief, for judgment for $13,000, with interest from March 1, 1920, and also for damages in the sum of $20,000. While appellee pleaded a forfeiture of the contract, in argument in this court he disavows any purpose to insist thereon, and asserts his willingness to execute to appellant a deed with personal covenants, if preferred by him.

Manifestly, under these circumstances, appellee may not retain the portion of the consideration paid and refuse to carry out the obligations assumed by him in the contract. Some contention is made by counsel for appellee that appellant, at the time the contract was entered into, knew that appellee did not own any part of the land, and that no objection to the title was made by him in the court below. The record does not disclose whether appellant knew that appellee was not the owner of the land at the time the contract was entered into, but it does show that, in his written tender, he demanded a personal conveyance from appellee. The contract required appellee to furnish an abstract showing a clear, merchantable title, except as to the incumbrances mentioned in the contract. The record does not show whether an abstract was furnished appellant or not. We

think, however, that it may be safely assumed that appellant knew that the title was not in appellee at the time he commenced this action, although appellee admits that he did not show him the deeds in his possession.

The decree of the court below must be modified so as to require appellee to furnish an abstract showing a good, merchantable title in him to all of the land described in the contract, subject to the incumbrances named, and to execute to appellant a deed containing the usual covenants of warranty, upon appellant's paying the balance of the purchase price and otherwise complying with the decree of the lower court, which provided that the form of the notes and mortgages to be executed by appellant should be such as to require the payment of interest annually at the agreed rate. The decree should also allow a reasonable time, say 30 days, for each party to perform the terms of the contract as above interpreted, and should further provide that, in the event appellee fails or refuses to furnish abstract showing a merchantable title, and to tender a warranty deed executed by himself and wife, conveying said premises to appellant, within the time fixed by the court, judgment be entered against him for $13,000, with interest at 6 per cent from March 1, 1920. In all other respects, the decree is permitted to stand. It follows that the cause must be and is remanded to the court below, for decree in harmony with this opinion. The costs in this court will be taxed to appellee.—*Modified and remanded.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.