LOUISA KEIFER, Appellee, v. H. F. DREIER et al., Appellants.

**VENDOR AND PURCHASER:** Rescission of Contract—Loss of Right.
1  A purchaser of land may not rescind the contract, prior to final performance, because the vendor did not have title and because the incumbrances on the land exceeded the amount the purchaser was to assume, when, with full knowledge of such facts, he takes possession of the land and makes payment on his contract; nor may the purchaser rescind at a time when the deed is due, under the contract, from the vendor, if he (the purchaser) *is then in default.*

**VENDOR AND PURCHASER:** Forfeiture of Contract—Defaulting
2  **Vendor.** A vendor of land may not forfeit the contract at a time when he himself is in default. (See Book of Anno., Vol. 1, Sec. 12389, Anno. 4.)

**VENDOR AND PURCHASER:** Performance of Contract—Defaulting
3  **Vendor May Not Recover Payments.** A vendor may not recover of his defaulting vendee payments advanced on incumbrances when the vendor is himself in default because of his inability to convey title.

**Headnote 1:** 39 Cyc. pp. 1422, 1526.  **Headnote 2:** 39 Cyc. p. 1375. **Headnote 3:** 36 Cyc. p. 694.

*Appeal from Lyon District Court.*—C. C. BRADLEY, Judge.

OCTOBER 27, 1925.

ACTION by the vendee, to rescind a contract for the purchase of land and recover the purchase price, and to enjoin a threatened forfeiture of the contract by the vendors, with a cross-petition on the part of the vendors to recover interest paid by them on incumbrances assumed by the vendee. From a decree for

plaintiff, the defendants appeal.—*Modified and affirmed in·part; reversed in part.*

*Fisher & Riter,* for appellants.

*E. C. Roach* and *Thomas & Myers,* for appellee.

VERMILION, J.—The plaintiff-appellee, on May 19, 1919, entered into a written contract with the appellants for the purchase of a tract of 160 acres of land for $40,000. By the terms of the contract appellee was to pay $3,000 on the execution of the agreement, $8,020 on March 1, 1920, and $2,980 on March 1, 1923, and to assume and pay from March 1, 1920, as a part of the purchase price, a first mortgage of $8,000 and a second mortgage of $18,000. The contract provided that· the time of payment was of the essence of the contract, and for a forfeiture of the right of the purchaser, in case of default, upon thirty days' written notice. It was further provided that possession of the land was to be given March 1, 1920, and that the vendors would, on receiving the payments and interest promptly at the time provided, execute and deliver a warranty deed of the premises and an abstract showing merchantable title.

1. VENDOR AND PURCHASER: rescission of contract: loss of right.

The appellee made the cash payment and the one required to be made on March 1, 1920, and went into possession of the land on that date. She also paid the interest due March 1, 1921, on the amount of the mortgage indebtedness which she was to assume and pay.

The land in question and an adjoining 160 acres had belonged to one Van Anne, and the whole tract of 320 acres was incumbered with a first mortgage of $16,000 and a second mortgage of $36,000. Van Anne, prior to the execution of the contract between appellants and appellee, had sold the 160 acres in question to appellants under a contract similar to that entered into by appellee, except as to the consideration—which was $36,000—and the amounts of the payments.

On February 21, 1922, the appellee commenced an action against appellants to rescind her contract with them and to recover the amount she had paid, on the grounds: (1) that the

contract had been procured by fraud, and (2) that appellants had no title, and the land was incumbered by mortgages in amounts double those she had agreed to assume and pay. She offered to surrender possession of the land and account for the rents and profits.

After March 1, 1923, the date on which, according to the contract, the final payment was to be made and the deed delivered, appellee, by an amendment to her petition, alleged that the appellants did not have title to the land on the date when, by the contract, they were to execute a deed, and that they never had title, and could not perform and carry out their contract to convey title with such incumbrances as were provided for in the contract.

The defenses presented to the claim of rescission were, in brief, that appellants would be and were able to perform their contract; that they had no knowledge, until the commencement of the action, that the mortgages were double the amount recited in the contract; that appellee had knowledge, prior to March 1, 1920, of the amount of the mortgages, and of the fact that appellants did not have title to the land, and had but a contract for its purchase from Van Anne; and that, by making a payment under the contract, paying the interest due on the part of the mortgage indebtedness assumed by her, and taking possession of the land with such knowledge, she waived any right to rescind the contract on account of the state of the title or the amount of the incumbrances. By a cross-petition, appellants sought a recovery of the interest due March 1, 1922, on the amount of the mortgage indebtedness assumed by appellee, which, upon her failure to pay, they had paid.

There was no evidence to sustain the allegation of fraud, and that question is no longer in the case.

Upon appellee's failure to pay the interest due on the mortgage indebtedness March 1, 1922, appellants, on May 4, 1922, caused to be served on her a notice of intention to forfeit the contract on that account. Thereupon, appellee commenced another action, to enjoin the threatened forfeiture of the contract. The two actions were consolidated and tried together. The trial took place after March 1, 1923, and resulted in the

granting of the relief asked by appellee, and the dismissal of appellants' cross-petition.

At the time of the trial, appellants did not have title to the land, and there had been no change in the mortgages. There was testimony to the effect that the holder of the second mortgage had agreed to a division of that mortgage, so that there would be a second mortgage of but $18,000 on the land in question, and that the first mortgage could be paid on any March 1st, the date the interest was due, and a new loan of $8,000 obtained, secured by a first mortgage on the land. There was no explanation of the appellants' failure to secure title. Appellee was under no obligation to pay appellants the money due from her to enable them to use it to secure title. *Webb v. Hancher,* 127 Iowa 269. She was, under the contract, entitled to a conveyance on payment of the money due. The record is conclusive that, even at the time of the trial, appellants were in no position to perform their contract, had demand for performance been made.

I. It is admitted that Mrs. Rohde, the daughter of appellant, acted for her in making the original contract and in what was done under it at the time when the second payment was made, the interest on the mortgages was paid, and possession was taken. Appellee testified that she left the whole matter of the purchase of the land and the settlement made March 1, 1920, to her daughter, and that she sent the money to her. It fairly appears from the evidence that Mrs. Rohde knew of the fact that appellants did not have title to the land, and that they held but a contract of purchase from Van Anne, before paying the second installment under the contract or the interest on the mortgages and taking possession of the land. Van Anne testified that she asked him, about two weeks before March 1, 1920, who was going to furnish the abstract, and that he told her he had agreed to furnish appellants an abstract when he sold to them, and he supposed he would have to furnish her one the same way. The money to make the payment coming due March 1, 1920, was sent to a bank in Rock Rapids. Mr. Shade, the president of the bank, testified that Mrs. Rohde asked him to have the title examined; that he told appellants they would have to furnish an abstract before the money would be turned over; that he had

Mr. Morain examine the abstract; that Morain delivered the abstract and a written opinion as to the title to him, and he delivered the abstract and the opinion to her before the money was disbursed. The abstract showed the mortgages on the land, and that the title was in Van Anne, and the opinion called attention explicitly to these facts. There was no testimony from Mrs. Rohde, she having died before the trial.

Mrs. Rohde, having demanded the abstract and procured an opinion as to the title in the interest of her principal, and for the evident purpose of determining whether she would make further payment under the contract, must be deemed to have had such knowledge of the title and the incumbrances as the instruments she so procured plainly disclosed. The knowledge of Mrs. Rohde, the agent, thus acquired, was the knowledge of appellee, the principal. In this situation it is clear that appellee must be held to have waived any right to rescind the contract, prior to the time when she would be entitled to receive and appellants required to deliver a deed such as the contract called for, based on the then condition of the title or the amount of the incumbrances on the land. *Moore v. Howe,* 115 Iowa 62; *Duetzmann v. Kuntze,* 147 Iowa 158; *Warner v. Hamill,* 134 Iowa 279; *Buntrock v. Hoffman,* 178 Wis. 5 (189 N. W. 572).

While she was bound to rescind promptly—that is to say, within a reasonable time—after discovering the facts, she delayed for practically a year; and in the meantime made payments required of her under the contract, and took possession of the land. By so doing she affirmed and elected to perform the contract, and was in no better position to demand a rescission, before the time when she would be entitled to receive, and appellants bound to deliver, a conveyance of the land, than she would have been, had she known these facts when she entered into the contract. It could not be contended that, if the facts were known to her when she made the contract, she could rescind because of those facts before there had been a default on the part of appellants in failing to deliver, when required by their contract, such a conveyance as the contract called for. Appellants would not be in default until they failed to make such a conveyance as the contract called for, when required to do so under the contract. If the purchaser knows that his ven-

dor has no title when the contract is made, but expects to procure it in time to enable him to carry out the contract, he cannot avoid specific performance on that account, if the vendor has title before the time for performance has passed. *Olson & Nessa v. Rogness,* 173 Iowa 331; *Sharp v. Bremer,* 192 Iowa 797.

"The necessity for title arose and became absolute when the time came for making conveyance." *Nelson v. Chingren,* 132 Iowa 383.

II. Of course, appellee, by making payments under the contract and taking possession of the land, did not waive the right to have such a conveyance, with such title and subject to such incumbrances as the contract called for, when she was entitled to a conveyance. Accepting the amendment to her petition filed after March 1, 1923, as an allegation that appellants had failed to make such a conveyance, we inquire whether appellee was then in a position to demand a conveyance, and to rescind because of appellants' inability to convey title. The appellee was then herself in default by reason of her failure to pay the interest due March 1, 1922, on the amount of incumbrances she agreed to assume and pay. The fact that, at the time this interest was due, she was standing upon an insupportable claim of a present right to rescind, will not excuse her failure to comply with her contract when she seeks a rescission on other and subsequently accruing grounds, as the inability of appellants to convey on the date when, under the contract, conveyance could be required. A vendee in default cannot rescind and recover the purchase price paid. *Lieuwen v. Blau,* 184 Iowa 327; *Crooke v. Nelson,* 195 Iowa 681; *Hamaker v. Johnson,* 199 Iowa 1298.

Our conclusion is that the attempt of appellee to rescind the contract, prior to the date when performance might be required, because appellants did not then have title and the incumbrances exceeded the amount she was to assume, was ineffectual because, with knowledge of the facts, she had affirmed the contract and waived any right to rescind on such grounds; and that the claim of a right to rescind after the time for performance must be denied for the reason that appellee was then herself in default under the contract.

III. The lower court permanently enjoined appellants from

forfeiting the contract. At the time of the attempted forfeiture, the appellants had no title to the land, and were themselves then unable to have complied with their contract, and this inability continued to the time of the trial. A vendor in default cannot forfeit the contract. *Marx v. King,* 193 Iowa 29. They were not, of course, in any manner relieved of the obligation to comply with their contract, when compliance should be required, by the fact that, as we hold, appellee had waived the right to rescind on account of their failure to have title at a time prior to the date on which performance might be required. But, being themselves then in no position to perform their contract, they could not compel performance on the part of appellee, nor secure a forfeiture of her rights because of any failure on her part to comply. *Weiser v. Rowe,* 185 Iowa 501; *Marx v. King,* supra. What is here said relates only to the rights of the parties under the issues now presented. The decree below is, possibly, susceptible of a construction that would deny appellants the right to a forfeiture for the future failure of appellee to comply with the contract, should such failure occur under circumstances that would then entitle them to a forfeiture. The decree will be modified, to make the injunction apply only to a forfeiture based on any past dereliction on the part of appellee.

IV. As to the claim of appellants to recover on their cross-petition the interest which was paid by them on the mortgage indebtedness, and which, under the contract, appellee was to pay, what has been said above of their claimed right to forfeit the contract is equally applicable. Being themselves then unable to comply with their contract by reason of having no title to the land, and this inability having continued to the time of the trial, they were obviously in no position to enforce the contract against the appellee. *Lillienthal v. Bierkamp,* 133 Iowa 42; *Goettsch v. Weseman,* 185 Iowa 1213; *Marx v. King,* supra.

Both parties were in default. At the time appellants set up a claim to recover the interest paid by them, which the contract obligated appellee to pay, they were not able to comply with their contract, and never were able to do so, up to the time

of the trial. At the time appellee set up a claim to rescission on account of the inability of appellants to perform the contract when performance was due, she was in default by reason of her failure to pay the interest. In such a situation, neither can recover.

Neither party is entitled to relief on the issues presented here, save in respect to the injunction, as indicated above. As we had occasion. to say in *Lillienthal v. Bierkamp,* supra, in reference to a somewhat similar situation:

"* * * the parties must stand, so far as this litigation is concerned, in the situation in which they have placed themselves by their own conduct, and we are not able, under the record in this case, to give any relief to either of them."

Nothing that we have said, however, is to be taken as determining that by future action of the parties one or the other may not be put in such default as to then afford the other relief; for no such question is before us. See *Weiser v. Rowe,* supra.

The decree, in so far as it relates to the injunction, will be modified and affirmed in accordance with this opinion, and in all other respects reversed. It is so ordered.—*Modified and affirmed in part; reversed in part.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.