ARTHUR R. SARAZIN, Appellant, v. CHARLES G. KUNZ et al., Appellees.

No. 44677.

June 20, 1939.

▐██

Walter Koerner, for appellant.

John J. Kintzinger, for appellees.

RICHARDS, J.—The factual situation in this case had its origin on November 12, 1920, the date of a written contract entered into by plaintiff and one J. B. Corbin. By its terms Corbin agreed to sell and convey to plaintiff in fee simple, by a good and sufficient deed with the ordinary covenants of warranties, certain real estate in Marshfield, Dubuque county, upon plaintiff fulfilling certain agreements to purchase and pay for the premises. The agreed consideration was $4,500 from which sum the contract excepted $1,000, the amount of a mortgage that was on the property. Upon the execution of the contract $400 was paid. The remainder of the purchase price was payable in monthly installments of $40 or more, beginning January 1, 1921. Corbin being a resident of Colorado, it was arranged that the payments would be made by plaintiff to one Trewin in Dubuque. Over a period of years payments were so made. At the time of the trial the contract had not been consummated by conveyance of title to plaintiff.

In October 1937, for a consideration of $200, Corbin quit-claimed the premises and assigned the contract of November 12, 1920, to defendant Charles G. Kunz. On October 14, 1937, said defendant served on plaintiff a notice of intention to declare a forfeiture of the contract 30 days after the service. The notice stated two reasons or grounds for the intended forfeiture, i. e., (1) plaintiff's failure to pay a balance of $2,115.76 alleged in the notice to be due upon the purchase price, and (2) plaintiff's failure to pay taxes which had become delinquent. These reasons and demands not having been met during the 30 days following service of the notice it has ever since been the claim of Charles G. Kunz that all rights of plaintiff in the real estate

have been forfeited and terminated. In this action brought on February 17, 1938, plaintiff seeks to have the alleged forfeiture of the contract set aside and canceled and declared null and void.

As one ground for the relief sought plaintiff claims that before the notice was served he had paid to Corbin the full amount of the purchase price and was entitled to a deed, and that there was no foundation for forfeiture by reason of the alleged nonpayment of the $2,115.76. Defendants admit there is no question but that the amount of $2,115.76 was erroneous, although they do not admit that the purchase price had been completely paid. The condition of the record is such that we have been unable to satisfy ourselves whether the entire purchase price had been paid or whether a comparatively small amount was still owing, nor does it seem necessary that that question be determined because defendants in argument state that they do not stand on the first reason or ground for forfeiture, (nonpayment of the $2,115.76) but do insist that ground 2, (nonpayment of delinquent taxes) is good, and that the forfeiture became complete at the end of 30 days.

As another ground for relief plaintiff urged that the attempted forfeiting of the contract was ineffectual because, even had plaintiff been in default as to a balance owing on the purchase price or as to taxes, the condition of the title was such that defendant Charles G. Kunz was unable to perfect his obligation, to convey the premises, and that consequently the contract necessarily continued in full force without right on his part, when in such default, to elect to forfeit plaintiff's rights in the premises and the contract. The facts on which plaintiff relies are these. On November 24, 1933, an action aided by attachment, under which there was a levy upon the premises involved herein, was commenced in Dubuque county against J. B. Corbin by Margaret Hammond. The proceedings in that action were such that a judgment was obtained against the real estate for $399.25 with interest and costs, and under special execution the premises were sold to Margaret Hammond on May 26, 1934, for $438.12. The period of redemption expired at the end of one year thereafter without redemption having been made. Although out of payments made by plaintiff upon the purchase price the sum of $200 had been applied upon the Hammond judgment, the sheriff's certificate was outstanding and in the hands of

Margaret Hammond until a date subsequent to the expiration of the 30 days from and after service of the notice of forfeiture. That this outstanding certificate of sheriff's sale was at least such a cloud upon the title that during the 30 days mentioned Charles G. Kunz as assignee of Corbin was incapable of conveying a title in fee simple with usual covenants of warranties as agreed in the original contract seems clear. That is, the outstanding sheriff's certificate indicated more than a mere possibility that a claim adverse to the title might sometime be made— for it evidenced an active present controversy on the part of a third person standing in a position to acquire at least an appearance of the title of Corbin by demanding a sheriff's deed. Litigation on the part of plaintiff or a defective title were the alternatives had defendant Kunz conveyed the title in that condition. Nor are defendants in position to say the outstanding sheriff's certificate was not a cloud on the title because in their answers they go much further, alleging that subsequent to the expiration of the 30 days defendant Rose F. Kunz, wife of defendant Charles G. Kunz, purchased the certificate, acquired a sheriff's deed, and by reason thereof became the absolute owner of the fee title. In the trial of this case there was no attempt by the district court to determine what if any rights Rose F. Kunz may have acquired under the sheriff's deed, and that matter appears to have been not adjudicated.

If it should be conceded that plaintiff was in default, yet the situation of the title as above described was such that Charles G. Kunz was likewise in default. It may be true in view of the wording of the contract that a tender of a warranty deed conveying the fee simple title was not required until whatever may have been still owing, if anything, on the contract had been paid or tendered. But nevertheless it has been repeatedly held that a condition upon which a vendor may forfeit the interest of his vendee is this—the vendor must himself be able to perform his undertakings. Defendant Charles G. Kunz was not in position so to do. "A vendor in default cannot forfeit the contract. Marx v. King, 193 Iowa 29, 186 N. W. 680. * * * But, being themselves then in no position to perform their contract, they could not compel performance on the part of appellee, nor secure a forfeiture of her rights because of any failure on her part to comply. Weiser v. Rowe, 185 Iowa 501, 170 N. W. 753; Marx v. King, supra." Keifer v. Dreier, 200 Iowa 798, 804,

205 N. W. 472, 475. See, also, McLain v. Smith, 201 Iowa 89, 202 N. W. 239, and Watland v. Quaintance, 186 Iowa 1271, 171 N. W. 692. Charles G. Kunz was not in position to effect a forfeiture. The trial court should have entered a decree setting aside and holding for naught the forfeiture that was attempted when the notice was served on October 14, 1937. Likewise there was error in the ordering that a writ of possession issue commanding the sheriff to put Charles G. Kunz in possession of the premises. Other grounds for relief alleged by plaintiff need not be considered. The decree and the order of the district court are reversed.—Reversed.

BLISS, MILLER, OLIVER, SAGER, STIGER, and HALE, JJ., concur.