CLARICE M. FULTON, Appellant, v. IVYL CHASE, Appellee.

No. 47447.

(Reported in 37 N. W. 2d 920)

June 14, 1949.

Leighton A. Wederath, of Carroll, and Batschelet & Thompson, of Guthrie Center, for appellant.

C. H. Taylor, of Guthrie Center, for appellee.

Hays, J.—Plaintiff seeks to rescind a contract for the purchase of real estate based upon the inability of the defendant to perform his part of the contract and upon mutual rescission. The defendant asserts an abandonment by the plaintiff and also that there has been a forfeiture of the contract. The trial court found there had been an abandonment by plaintiff and dismissed the petition. Plaintiff appeals.

There is little dispute in the facts. In November 1947 appellant purchased under contract from the defendant Lot Two (2) in Block One (1) in the Original Town of Guthrie Center, Iowa. $1000 was paid at the time of the signing of the contract, with the balance of $5000 payable March 1, 1948, at which time possession and a warranty deed were to be given. The contract con-

tained a forfeiture clause and time was made of the essence. In December 1947 appellant rented the premises to the then tenant effective March 1, 1948. In February 1948 appellant, then residing in Minnesota, served appellee with a notice of rescission and a demand for a return of the down payment, asserting fraud in the contract. The rent due March 1, 1948 was paid to appellee. On March 20, 1948, appellee sold the premises by contract to one Conrad Madsen, who, under arrangement with the tenant then in possession, moved into the premises on March 24. The contract of purchase was not recorded. It contained a provision to the effect that litigation over the title was possible and in the event of an adverse ruling the contract might be declared void from its inception and the down payment returned.

In April 1948 appellee served notice of forfeiture of the contract upon appellant by publishing the notice in a Guthrie County newspaper, the last publication being April 15, 1948. By this notice if appellant failed to comply with the terms of the contract within thirty days after the last publication, the contract would be forfeited. This notice was not served upon the party in possession. On April 27, 1948, appellee and his wife executed and delivered to Madsen a full warranty deed to the premises. No reference was made to the contract of March 20. On April 26, 1948, Madsen mortgaged the premises to the Guthrie County State Bank by the terms of which the loan, for which it was security, was to be paid in payments, with the final payment due in April 1951. The mortgage did not contain a payment acceleration clause. Appellant did not comply with the terms of the contract within the thirty-day period, and no payment has been made by appellant, other than the down payment. This action was commenced May 18, 1948, three days after the expiration of the thirty-day period.

While several propositions are urged as a basis for a reversal, the main proposition urged is to the effect that the trial court erred in holding an abandonment by appellant rather than a mutual rescission of the contract.

■ The trial court held that since no notice of forfeiture was served upon the party in possession, as required by section 656.2, Code of 1946, the notice of forfeiture was ineffective and no ques-

774

tion of forfeiture was before the court. This is in accord with our holdings: See Bull v. Weisbrod, 185 Iowa 318, 170 N.W. 536; Sarazin v. Kunz, 226 Iowa 1309, 286 N.W. 471; Kilpatrick v. Smith, 236 Iowa 584, 19 N.W. 2d 699; Eastman v. DeFrees, 235 Iowa 488, 17 N.W. 2d 104.

■ Another equally strong reason why the forfeiture was ineffective is the clearly established fact, under this record, that the appellee at the time of the attempted forfeiture was himself in default in that he had placed the legal title to the premises beyond his control. A vendor in default may not forfeit his contract. McLain v. Smith, 201 Iowa 89, 202 N.W. 239; Marx v. King, 193 Iowa 29, 186 N.W. 680.

■ It is a breach of the contract for vendor to place the title to the property beyond his control during the period of time within which vendee may perform on his part. Pardoc v. Jones, 161 Iowa 426, 143 N.W. 405; Benedict v. Nielsen, 204 Iowa 1373, 215 N.W. 658; Kilpatrick v. Smith, supra. While the trial court held that appellee was in position to perform his contract, the record does not warrant this finding.

■ The trial court held appellant had abandoned her contract. This defense was urged by the appellee and the burden was upon her to establish the same. Kilpatrick v. Smith, supra. Appellant has never taken possession of the premises; in February she gave notice of a rescission and made demand for a repayment of the down payment; she made no attempt to comply with the contract after the forfeiture notice and now asks for a rescission. While at the time of the commencement of this action appellant had not complied with the terms of his contract, this failure in itself does not work an abandonment of the contract. Lake v. Bernstein, 215 Iowa 777, 246 N.W. 790, 102 A. L. R. 846; Westercamp v. Smith, 239 Iowa 705, 31 N.W. 2d 347. The record does not sustain a finding of an abandonment.

■ ■ The rule is well established that where a vendor is unable to convey title, vendee may rescind the contract. Benedict v. Nielsen, supra; Spangler v. Misner, 238 Iowa 600, 28 N.W. 2d 5. It is likewise well settled that a mutual rescission of a contract does not require a formal agreement but may result from any act or course of conduct of the parties which clearly indicates

their mutual understanding that the contract is terminated. Mortensen v. Frederickson Bros., 190 Iowa 832, 846, 180 N.W. 977, 982. A mutual rescission requires a restoration of the statu quo so far as possible. Kilpatrick v. Smith, supra.

An examination of the record leads to but one conclusion and that is, that there has been a mutual rescission. Appellee entered into the contract with, and gave the warranty deed to, Madsen after the notice of the rescission from appellant. By so doing he clearly assumed the same control over the property that he had prior to the contract of November 1947. Except for the retention of the $1000 down payment he is in statu quo. The appellant except for the loss of the down payment is in statu quo, as she has in no way profited from the deal and now makes no claims adverse to the title of appellee to the real estate in question. Appellant is clearly entitled to a rescission of the contract and a refund of the initial payment, and the trial court erred in dismissing the petition.

For the reasons above set forth the judgment of the trial court is reversed and the cause remanded for a decree in conformity herewith.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.