Norman G. WEMER and Betty L. Wemer, Appellants,

v.

Carl S. LONG and Bernice G. Long, First National Bank, Ottumwa, Iowa, Holiday Credit Corporation, Appellees.

No. 54332.

Supreme Court of Iowa.

March 11, 1971.

Life, Davis & Life, Oskaloosa, for appellants.

Bailey Webber, Ottumwa, for appellees.

REES, Justice.

This is an action for declaratory judgment brought by the plaintiffs in which they ask judgment against the defendants adjudging their right, title and interest as equitable owners of an 80-acre tract of real estate in Wapello County be established and confirmed, or alternatively, that they have judgment declaring the real estate contract involved to be void in its inception by reason of fraud on the part of the contract vendors. The trial court dismissed the petition of plaintiffs, and we affirm the trial court.

On or about July 31, 1959, plaintiffs Norman G. Wemer and Betty L. Wemer entered into a contract with the defendants Carl S. Long and Bernice G. Long for the purchase of an 80-acre farm tract in Wapello County, described as the North Half of the Northeast Quarter of Section 12, Township 71, Range 13, for the sum of $12,000. Payment was to be in part by the transfer to the defendants Long of certain property on Rochester Road in the city of Ottumwa then owned by the Wemers which was subject to a mortgage thereon which the Longs were to assume. It was understood the value of Wemer's equity in the Ottumwa property was $6,833.57, and the balance of $5,166.43 was to be paid in annual payments of $400 or more commencing November 30, 1959, such payments to include interest at the rate of six percent per annum from and after July 1, 1959.

The contract further provided the plaintiffs were to pay all taxes and assessments as they became due or before they became delinquent after the 1958 taxes due in 1959 had accrued and had been paid. The contract further provided that time was of the essence and that upon default in payment of any installment the contract should be void and of no force or effect, and that upon forfeiture thereof all rights of the plaintiffs therein should cease and terminate.

The plaintiffs went into possession of the real estate upon the execution of the contract, and made payments of the $400 annual installment in 1959, 1960 and 1961.

At the time of the execution of the contract record title to the 80-acre farm rested in one B. H. Burns, who apparently took title in 1943, and had contracted to sell the premises on October 10, 1946 to E. E. Brandon and Mildred Brandon; the Brandons had in turn, on April 24, 1959 assigned their contract and entered into a separate contract with Robert E. & Francis

L. O'Neil. On July 30, 1959 the O'Neils assigned their contract and entered into a written assignment which provided by its terms that it was to be construed as a quit claim deed with the defendants Bernice G. and Carl S. Long, who on the following day, July 31, 1959, entered into a contract with the Wemers with which contract we are here concerned. E. E. Brandon and Mildred Brandon, husband and wife, acquired record title to the premises by warranty deed executed by B. H. Burns on February 10, 1966.

In May, 1962 Brandon prepared a notice of forfeiture of his contract dated April, 24, 1959 and directed the same to Robert E. and Francis L. O'Neil, Carl Long and Mrs. Carl Long, and Norman G. Wemer and Betty Wemer. The notice of forfeiture was based upon the non-payment of the 1960 taxes assessed against the real estate, payable in 1961, and default in the payment of the first half of the 1961 real estate taxes, due in 1962, all of which were delinquent at the time of the service of the notice of forfeiture, which was served upon the Wemers on May 3 and May 5 of 1962 but was not served upon the defendants Long until June 19, 1962. The defendants Long, in order to avoid the forfeiture of the Brandon contract, delivered their check in the amount of $116.87 to Brandon on July 18, 1962, which check was endorsed to the county treasurer of Wapello county by Brandon to effect payment of the delinquent taxes for 1960 and the first half of 1961.

Following payment of the taxes by Long to Brandon, Long caused to be served upon the plaintiffs Wemer a notice of forfeiture of his contract based upon Wemer's default in making payment before they became delinquent of the 1960 taxes and the taxes for the first half of 1961. Upon the trial of the case, plaintiff Norman Wemer testified he was not served with a notice of forfeiture. However, the trial court found that a return of service which was introduced as an exhibit evidenced a valid service of the notice personally upon Norman G. Wemer on July 24, 1962 and on Betty L. Wemer on July 28, 1962. The Wemers do not claim they made payment of the amount of delinquent taxes to the defendants Long during the 30-day period following service of notice of forfeiture, nor that they did anything else to avoid the forfeiture of the contract. During the 30-day period following the service of the notice of forfeiture, and on August 21, 1962, the defendants Long mailed to the plaintiffs a letter warning them that their failure to remit the sums advanced by Longs for the payment of taxes and for the nonpayment of which the forfeiture was based would result in plaintiffs losing the farm. A copy of the letter so addressed by defendants Long to the plaintiffs was introduced as an exhibit. However, the plaintiff Norman Wemer denied ever having received the original of the letter, and in fact denied receiving every communication testified to by the defendants as having been addressed to him.

The notice of forfeiture with the service endorsed thereon was filed in the office of the Wapello County Recorder on August 29, 1962 by the defendants Long, and on the same date defendant Long sent to the plaintiffs by certified mail, return receipt requested, a letter informing plaintiffs that all their rights to the farm under the contract had been forfeited. In the letter he made a demand that they surrender possession thereof within seven days or that they agree to pay him rent on the farm in the amount of $500 for the balance of 1962 and at the rate of $650 annually thereafter with rental payments to be due on October 25, 1962, and each October 25 thereafter. The receipt of this letter was also denied by the plaintiff Norman Wemer irrespective of the fact that an exhibit, a return receipt for the same, bears his signature.

The rental which was demanded as due on October 25, 1962, was not paid, and on November 29, 1962 the defendant Long sent by certified mail to the plaintiffs a letter demanding payment of the $500 rental claimed by him to be due, and the plaintiff

denied receipt of the letter. Thereafter the plaintiff Wemer mailed to the defendant Long his check for $400, and Long thereupon sent to the plaintiffs his receipt showing the application of the $400 payment on the defendants' claim for rent, claiming an unpaid balance of $100 for that year.

Substantially the same facts attended thereafter each year; the rental was not paid in time, and demand was made by the defendant Long for rent, and payments were then made by the plaintiff of $400 for each year, receipts were mailed by the defendants showing the application of plaintiffs' payments to defendants' claims for rent.

The trial court found that despite the claim of the plaintiff Wemer as to not having received any of the communications and receipts from the defendants that the plaintiffs knew the defendants were claiming rental due from their possession of the farm after the forfeiture of the contract, but that the defendant Long likewise knew the plaintiffs were claiming payments were being made under the contract. The court further found that under all the facts and circumstances shown, the retention of payments made by the plaintiffs after the forfeiture of the contract did not estop the defendants Long, nor constitute a waiver of their forfeiture of the contract, it having been made to appear clearly to the court that the conduct of the defendants Long in accepting payments annually, was under a claim of entitlement to rent so long as plaintiffs continued in possession of the premises. The court found that the conduct of the defendants did not unequivocally establish or show that they regarded the contract in force and effect and clearly showed they did not so regard it to the knowledge of the plaintiffs claiming waiver and estoppel.

The plaintiffs remained in possession of the farm premises until December, 1966 although the dwelling house on the farm had been substantially damaged by a fire in September of that same year. On December 14, 1966 the defendant Long mailed to the plaintiff Norman Wemer a letter demanding the payment of $1178. in back rentals and further demanding that in the event the same was not paid promptly the Wemers were to vacate the premises and remove themselves and their personal effects from the farm. Apparently the Wemers vacated the premises immediately after the receipt of the letter last referred to.

The record establishes that the plaintiffs Wemer paid the 1962 and 1963 taxes on the farm and part of the 1964 and 1965 taxes, but no showing was made that the payment was at the direction of the defendants Long, nor with their knowledge or consent. The court found that under the dispute between the parties as to the legal relationship between them after the forfeiture of the contract, that the volunteer payment by plaintiffs of the taxes assessed against the real estate in question but not assessed to the plaintiffs was not sufficient upon which to predicate a waiver of forfeiture or estoppel against the defendants Long.

This cause was tried as an equitable proceeding and our review is de novo. Rule 267, Rules of Civil Procedure. Small v. Ogden, 259 Iowa 1126, 147 N.W.2d 18. In considering the credibility of witnesses, we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) (7), R.C.P.

I. It is apparent from an exhaustive review of the record that this controversy was precipitaed by the fact plaintiffs Wemer and defendants Long had conflicting claims to the proceeds of insurance on the dwelling house on the subject premises which was substantially damaged by fire in September, 1966. Plaintiffs were attempting to establish a contractual interest and ownership in the premises in order to entitle them to the proceeds of a policy of insurance and defendants Long also were attempt-

ing to collect from their insurance company as the equitable owners of the premises. The trial court in an extensive opinion, findings of facts and conclusions of law specifically found the defendants Long had established by a preponderance of the evidence a valid forfeiture of their contract with the plaintiffs and further found plaintiffs had failed to prove estoppel or waiver of forfeiture by the defendants based upon their acts and conduct subsequent to August 29, 1962. The plaintiffs assert the defendants Long were incapable of performing contract between the parties because the said defendants were only the equitable owners of the premises and did not hold legal title thereto. They allege defendants were guilty of fraud at the time of the contract's inception and because thereof the defendants should be required to convey the premises to plaintiffs. Plaintiffs here would not have been permitted to rescind the contract with Longs to avoid a forfeiture of the contract by virtue of the claimed defects in the defendants' title. Plaintiffs cite Fulton v. Chase, 240 Iowa 771, 37 N.W.2d 920 as authority for their position. In the Fulton case the vendor was himself in default as he had placed legal title to the premises beyond his control, and the vendee was therefore entitled to rescind the contract, but the court there held there had been a mutual rescission of the contract. It is a well settled law of this jurisdiction that a vendor in default cannot forfeit a contract. However, a vendee also in default cannot compel performance nor secure a forfeiture of vendor's rights because of the failure of vendor on his part to comply. Marx v. King, 193 Iowa 29, 186 N.W. 680; Sarazin v. Kunz, 226 Iowa 1309, 286 N.W. 471, 472; Weiser v. Rowe, 185 Iowa 501, 170 N.W. 753; Keifer v. Dreier, 200 Iowa 798, 205 N.W. 472, 475.

The vendee of a contract cannot be heard to complain of a defect in the vendor's title prior to the time he is entitled to performance under the contract, particularly where the defect is one which may be re-moved, and a claim of title defect by a defaulting purchaser will not excuse or avoid a forfeiture. Spangler v. Misner, 238 Iowa 600, 28 N.W.2d 5.

We therefore agree with the trial court that any defect in the title of vendors Long bottomed upon the fact they did not hold record title to the subject premises afforded the plaintiffs no grounds for relief.

■ II. As a further basis for reversal, the plaintiffs contend the conduct of the defendants subsequent to the service and filing of the notice of forfeiture, specifically the acceptance of moneys from the plaintiffs, constitutes an estoppel against the defendants or a waiver of the forfeiture. It is true that a vendor effecting, or attempting to effect, a forfeiture may waive the same, or he may be estopped to enforce it by subsequent conduct inconsistent with his intent to rely upon the forfeiture. Zunkel v. Colson, 109 Iowa 695, 697, 81 N.W. 175; Watson v. Chapman, 244 Iowa 56, 63, 55 N.W.2d 555, 559.

We recognize forfeitures are not favored at law or in equity. However, where a vendee claims waiver of forfeiture by implication from the conduct of acts of a vendor, the vendee must establish by a preponderance of the evidence unequivocal conduct on the part of the vendor, clearly establishing the vendor regards the contract as in full force and effect subsequent to the forfeiture. The question of waiver is ordinarily a question of fact to be determined from all of the facts and circumstances shown by the record evidence in the case.

The evidence as disclosed by the record here is in all respects consistent with the defendants' claim that they at all times considered the contract to have been forfeited. The record clearly establishes that any payments made by the plaintiffs to the defendants following the service and filing of the notice of forfeiture were accepted by the defendants as rentals, and they made their record as they went according-

ly. True it is taxes were in part paid by the plaintiffs following the service and filing of the notice of forfeiture but we observe that in the aggregate the rentals paid together with the taxes, do not equal the rental claimed by the defendants to be due and owing for the rental period.

We feel the record adequately establishes that a relationship of landlord and tenant existed between the defendants and the plaintiffs following the service and filing of the notice of forfeiture of contract. In Babb's, Inc. v. Babb (Iowa 1969), 169 N. W.2d 211, 213, this court said, "Waiver is the voluntary and intentional waiver of a known right. It is largely a matter of intent which may be ascertained from a person's conduct." We find from the record nothing in the conduct of the defendants Long inconsistent with their claim that they did not waive the forfeiture of the contract. There is nothing in the record to establish that they at any time equivocated in their claim that the contract stood forfeited from and after the filing in the office of the Wapello County Recorder of the notice of forfeiture with the service upon the plaintiffs endorsed thereon. The trial court was correct in finding the defendants had not waived their forfeiture and that they were not estopped from asserting it and relying upon it by their conduct subsequent to the service and filing of the notice of forfeiture.

We find no reversible error and affirm the trial court.

Affirmed.

All Justices concur, except LARSON, J., who takes no part.