Raymond P. GOTTSCHALK and Catherine Janaan Gottschalk, Appellees,

v.

Paul SIMPSON, Appellant.

No. 86–887.

Supreme Court of Iowa.

April 13, 1988.

Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., and D. Michael King of Clemens & King, Dubuque, for appellant.

James A. Trannel of Hughes & Trannel, Dubuque, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and LAVORATO, JJ.

LARSON, Justice.

In recent years we have seen in this court an array of suits reflecting troubles in the farm economy. Cases arising out of land contract forfeitures and mortgage foreclosures on farm property have reached us with some frequency. But the present case presents a claim which is quite unique: The buyer under an installment contract complains that the district court erred by holding, in effect, that his interests in the contract had *not* been forfeited by the seller. The court of appeals agreed with the district court, and we affirm.

In January 1980, the plaintiffs, Raymond P. Gottschalk and Catherine Janaan Gott-

schalk, sold 163 acres of farmland to Gerald and Carol Pregler on an installment contract. Preglers, in turn, sold ninety-one acres of this land to Paul Simpson, the defendant in this case, under a second installment contract, which we will refer to as the subcontract. (Subcontracts for the sale of other parts of the original tract were made by Preglers, but they are not material to our decision.)

On January 2, 1985, Preglers' final payment of $190,000 was due to Gottschalks on the original contract. They failed to make the payment, and on January 17 and January 21, 1985, respectively, Gerald G. Pregler and Carol Ann Pregler were served with notices of forfeiture of the contract. *See* Iowa Code § 656.2 (1985). The notices stated:

> You and each of you are hereby notified:
>
> . . . .
>
> (2) that said contract will stand forfeited and canceled as by its terms and provisions it may be, unless the parties in default within thirty days after the completed service of this notice, shall perform the said terms and conditions in default, and in addition pay the reasonable costs of serving this notice.

On January 17, 1985, Simpson was served with a copy of the forfeiture notice because he was a "party in possession" of part of the land. *See* Iowa Code § 656.2(2).

The thirty-day period passed on February 20, 1985, without Preglers making the payment. Gottschalks did not, however, file a copy of the notice of forfeiture, as provided by Iowa Code section 656.5, to complete the forfeiture record. In fact, after passage of the thirty days there was little done on the matter until April 18, 1985, when Preglers gave a quitclaim deed to Gottschalks. The deed stated it was given "in lieu of forfeiture" and described the 163 acres of land covered by the original contract. The deed stated that Preglers were

> [a]lso assigning [to Gottschalks] all interest in a Real Estate Contract to Paul Simpson recorded in Book 156, Page 227, and a Contract to John W. and Sally Jo Herrig recorded in Book 161, Page 259–A of the records of Jackson County, Iowa.

In the meantime, Simpson had a March 1 payment due to Preglers under their subcontract. He did not make the payment, apparently assuming that there had been a forfeiture of Preglers' interests in the main contract, thus voiding the subcontract with Simpson. On April 25, 1985, Gottschalks wrote to Simpson to advise him that this was not the case, that Gottschalks had taken over Preglers' interest in the subcontract and that they expected Simpson to make the March 1 payment. Simpson refused, and Gottschalks began this foreclosure action. (The contract with Simpson gave the seller the option to foreclose as well as forfeit.)

The case went to trial, and the district court ordered foreclosure of the contract, thereby rejecting Simpson's argument that Gottschalks had no interest in the Pregler–Simpson subcontract. Simpson appealed, contending: (1) the forfeiture of Preglers' rights occurred automatically thirty days after service of the notice, thus Preglers could not assign their interest in the subcontract to Gottschalks; (2) by commencing a forfeiture proceeding, Gottschalks had elected a remedy inconsistent with foreclosure; and (3) there was "a termination, rescission, or abandonment" of the subcontract.

### I. *The "Automatic" Forfeiture Issue.*

■ Ordinarily, nothing is required to complete a forfeiture except the passage of the thirty days after notice. *See* Iowa Code §§ 656.2, .4. Section 656.5 provides that after thirty days, if the buyer does not cure the default,

> the party serving said notice or causing the same to be served, *may* file for record in the office of the county recorder a copy of the notice aforesaid with proofs of service attached ... and when so filed and recorded, the said record shall be constructive notice to all parties of the due forfeiture and cancellation of said contract.

(Emphasis added.)

It is clear from this statute, and the case law interpreting it, that the recording of the forfeiture notice and proof of service is

required only for constructive notice purposes; it is not a condition precedent to the completion of the forfeiture. *See, e.g., Abodeely v. Cavras,* 221 N.W.2d 494, 499–500 (Iowa 1974). Simpson relies on *Abodeely* in arguing that upon passage of the thirty days in this case the forfeiture was automatic. In *Abodeely,* the seller served a notice of forfeiture on the buyer but did nothing further for about a year. In the meantime, he decided to sue on the contract. We held that the forfeiture was complete, even without the recording of the notice under section 656.5, and the seller could not thereafter sue on the contract for specific performance or damages. *Id.* at 504. In *Abodeely,* however, there was no claim, such as there is in the present case, that the seller had waived his right to forfeit the contract.

■ The record in the present case clearly shows a waiver of forfeiture rights by the seller. Almost from the beginning of the thirty-day period, Gottschalks vacillated on the question of whether to proceed with the forfeiture, because they wanted the payment of the contract balance, not the land. The reason was a sharply reduced value of farmland in the area. During the thirty days, Gottschalks were involved in a continuing attempt to obtain payment from the Preglers, who were expected to receive vendor's payments under other subcontracts due after the thirty days. That Gottschalks had waived their rights, within the thirty days, to proceed with the forfeiture through these acts is clear from the fact that they eventually accepted the quitclaim deed which provided it was "in lieu of forfeiture."

It is clear that a forfeiture right under a contract may be waived by the seller. *See, e.g., Bettis v. Bettis,* 228 N.W.2d 193, 195 (Iowa 1975); *Wemer v. Long,* 185 N.W.2d 243, 247 (Iowa 1971); *Babb's, Inc. v. Babb,* 169 N.W.2d 211, 213 (Iowa 1969). The problem Simpson has with the waiver argument, apparently, is that the waiver came too late; by the time the deed was given, the thirty-day period had passed.

The thirty-day period provided by chapter 656 for curing of defaults, however, was not intended to automatically drop a curtain on any negotiations or settlement attempts undertaken by the parties during the thirty-day period, or to preclude a waiver of forfeiture by the seller. Nothing in the statute, or our cases, would suggest that. The thirty-day forfeiture procedure is said to be a statutory embodiment of the rule in equity that a "reasonable" time must be allowed for a defaulting party to perform. *See, e.g., Bettis,* 228 N.W.2d at 195–96; *Mintle v. Sylvester,* 202 Iowa 1128, 1136, 211 N.W. 367, 372 (1926).

■ We do not suggest that the circumstances of the present case require extension of the thirty-day period to cure the default, only that there is nothing in the statute that would *prevent* such extensions if the contract parties elect to do so, or if the vendor's forfeiture rights are waived within the thirty days. The general principles that the law does not favor forfeitures, *see, e.g., Babb's, Inc.,* 169 N.W.2d at 213, and that the law favors settlements, would support that interpretation. Here, it should be pointed out that Simpson has shown no prejudice resulting from the waiver; he will only be required to perform under the contract he made with Preglers.

■ We hold that the time for performance in this case had been waived by the sellers within the thirty days and that the deed given in lieu of forfeiture, even though it was after the expiration of the thirty days was effective to pass to the Gottschalks all of the interest that Preglers had in the subcontract with Simpson. We therefore affirm the district court.

## II. *The Election of Remedies and Rescission Arguments.*

Simpson argues that Gottschalks elected the remedy of forfeiture and could not therefore take a different tack by accepting a deed in lieu of forfeiture. We pass the threshold question of whether Simpson could take advantage of an election-of-remedy argument when the remedies asserted were against another party; we simply reject Simpson's argument on its merits.

Election of remedies is a doctrine not favored by the law; it is ordinarily applied in a strict and limited way. *Stroh Corp. v. K & S Dev. Corp.*, 247 N.W.2d 750, 753 (Iowa 1976); 25 Am.Jr.2d *Election of Remedies* § 3, at 648–49 (1966). Furthermore, when remedies are factually consistent, an election to pursue one does not preclude pursuit of another until the first is fully completed. *See First Sec. Bank v. McClain*, 403 N.W.2d 788, 790 (Iowa 1987). For the reasons stated in Division I of this opinion, Gottschalks had not pursued forfeiture to its conclusion; it was waived before the remedy was complete. Gottschalks could therefore not be bound to that election.

Simpson also argues that there had been a "termination, rescission or abandonment" of the Pregler–Simpson subcontract. While Simpson uses these terms to describe his argument, the argument boils down to this: Because Preglers were in default on their contract with Gottschalks, they could not have received a deed from Gottschalks by March 1, 1985, the date on which Preglers were to deliver title to Simpson under the subcontract. This rendered the subcontract impossible to perform and would allow Simpson to rescind. *See Fulton v. Chase*, 240 Iowa 771, 774, 37 N.W.2d 920, 922 (1949). Under the reasoning of Division I, however, there was no forfeiture; the effect of Preglers' assignment of the subcontract to Gottschalks was to make Gottschalks the sellers, and title could be delivered by them to Simpson. There was, therefore, no ground for rescission.

We summarily reject Simpson's additional argument that Preglers had abandoned the contract. Preglers' assignment of their interest in the Simpson subcontract merely substituted Gottschalks for Preglers. This did not amount to an abandonment.

We believe the case was properly decided in the district court and the court of appeals. Our disposition of the appeal on the issues discussed makes it unnecessary to address Gottschalks' alternative grounds for affirmance.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.